(109 So. 557)

**THOMPSON v. STATE.   (6 Div. 899.)**

(Court of Appeals of Alabama. June 15, 1926. Rehearing Denied Aug. 31, 1926.)

**1. Intoxicating liquors ⬤⇒238(1).**

Where evidence, though circumstantial, tended to show defendant had possession of whisky for sale, all charges instructing affirmatively that defendant was not guilty were properly refused.

**2. Intoxicating liquors ⬤⇒139.**

Under statute, manucaption or physical dominion of whisky is not necessary to convict for possessing liquor.

**3. Intoxicating liquors ⬤⇒233(1)—In prosecution for possessing whisky, facts showing finding liquor near defendant's.house and defendant's connection therewith for purpose of sale were relevant.**

In prosecution for possessing liquor, proof of search by officers of defendant's premises, finding whisky near hog pen on premises, that trail lead from house to hog pen, that shortly before arrest automobiles frequented defendant's house, which was isolated from other houses, and that when they would stop defendant was seen going down trail leading to place where whisky was found, was relevant.

**4. Intoxicating liquors ⬤⇒226—Where whisky was shown to be in constructive possession of defendant, any fact or circumstance tending to show defendant's connection therewith was relevant.**

Where whisky was shown to be on defendant's premises and that trail lead to vicinity thereof from defendant's house, and that when

automobiles would stop at defendant's house defendant was seen going down trail leading to where whisky was found, constructive possession by defendant was shown, and any fact or circumstance tending to show defendant's connection therewith was relevant.

5. **Criminal law** ⊜⟾338(1), 549.

In admitting evidence and giving weight thereto courts and juries must use common sense, common reason, and common observation as well as common knowledge of usual acts of people under given circumstances.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Essie Thompson was convicted of violating the Prohibition Law· and she appeals. Affirmed.

Charge 32 refused to defendant is as follows:

"32. The court charges you that, before you can convict the defendant in this case for possession of the prohibited liquors testified to, you must believe that he had such liquors in his possession by manucaption or physical dominion for some length of time, and that it must have been for the defendant's use, benefit, or enjoyment of himself, or in his such possession for the use, benefit, or enjoyment of some other person."

Benton, Bentley & Moore, of Bessemer, for appellant.

Defendant was entitled to have the affirmative charge given in her favor. Parsons v. State, 20 Ala. App. 615, 104 So. 556; Moon v. State, 19 Ala. App. 176, 95 So. 830; Strickland v. State, 20 Ala. App. 600, 104 So. 351; Harbin v. State, 19 Ala. App. 623, 99 So. 741. Charge 32 is correct, and should have been given. Harbin v. State, 210 Ala. 667, 99 So. 100. It was error to permit a witness to testify that he had seen automobiles frequenting defendant's house. Gassenheimer v. State, 52 Ala. 313.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen.,·for the State.

No error resulted from refusal of charges. Tatum v. State, 20 Ala. App. 436, 102 So. 726; Morgan v. State, 20 Ala. App. 331, 102 So. 236. Evidence as to the locus in quo, and to frequent visits of automobiles to the house of defendant, was admissible. Masters v. State, 8 Ala. App. 614, 94 So. 249; Love v. State, 19 Ala. App. 293, 97 So. 126.

SAMFORD, J. [1] The evidence, though circumstantial in a large measure, tended to connect the defendant with the possession of the whisky and that she had it for sale. Therefore all charges instructing affirmatively that the defendant was not guilty were properly refused. Tatum v. State, 20 Ala. App. 436, 102 So. 726.

[2] Refused charge 32 does not state a cor-

rect proposition of law. Manucaption or physical dominion of whisky is not necessary to a conviction for possessing liquor under our statute. No sufficient exception is reserved to the remark of the solicitor as to authorize a review by this court.

[3, 4] In making out the state's case it was relevant to prove by the officers that a search was made of defendant's premises; that they found whisky there located; that it was near a hog pen on the premises in a brier patch; that a trail led from the house to the hog pen; that shortly before defendant was arrested automobiles frequented defendant's house, which was isolated from other houses; and that when these automobiles would stop defendant was seen going down the trail leading to where the whisky was found. The whisky was shown to be in the constructive possession of defendant, and any fact or circumstance tending to show defendant's connection with the whisky was relevant.

[5] In the admission of evidence and the weight to be given the same courts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances.

We find no error in the record, and the judgment is affirmed.

Affirmed.