JANVIER, Judge.
The relator, Andrew H. Thalheim, is the owner of a four-apartment rental dwelling in the City of Gretna. The several apartments are numbered 304, 306, 308 and 310 Fifth Street.
A gas main of the respondent, Louisiana Gas Service Company, extends from the street to the end of the building in which apartments Numbers 308 and 310 are located. On that end the line connects with two gas meters, one serving Apartment 308 and the other serving Apartment 310. From these two meters the owner, relator here, extends his own lines, one to each of these two apartments. The same gas main extends along Fifth Street, and, at the other end of the building is as near to it *618 as it is at the end on which apartments Numbers 308 and 310 are located.
The relator seeks by this mandamus proceeding to compel the respondent company to run another gas line from its main at the end of the building on which apartments Numbers 304 and 306 are located and to install meters for those apartments at that end of the building. The respondent company refuses to do so on the ground that it is hazardous to run more than one gas line to any one building no matter how many apartments or occupants may require service in that building, and on the further ground that the proper authorities of the City of Gretna will not approve the installation of more than one line to any one building and have not approved, and will not approve, such installation in this case.
In the District Court there was judgment dismissing the application of the relator and the matter is now before us on appeal from that judgment.
The matter first came before us on appeal by the relator from a judgment maintaining an exception of no cause of action. We reversed the decision and remanded the matter to the District Court in order that the matter might be tried there on the issue of whether the refusal of the respondent to install the additional line was capricious and arbitrary. See La.App., 107 So.2d 817.
Seldom if ever have we been confronted with facts which so clearly and perfectly demonstrate that the action of the respondent is not arbitrary or capricious. Except for the testimony of the relator himself, who is a practicing attorney and not a plumber nor an expert in such matters, there is not one word in the record except testimony to the effect that what plaintiff is demanding would create a hazard, would not meet with the approval of the City authorities in charge of such matters, has never been approved by them, and that such an installation does not now exist in any building within the City of Gretna.
It is shown by overwhelming evidence that it is most hazardous to install more than one line to any one building for several reasons. Whenever a fire occurs it is essential that the gas line be immediately cut off and when this is done, unless those in authority are well aware of the fact that there is more than one line into the building, when they cut off one line, having no knowledge of the other connection they may fail to cut it off, and thus escaping gas may become ignited and add to the conflagration. Should there be a storm of any consequence which might break or damage the plumbing lines in such a building, those in authority, as in the case of fire, might cut off the one of which they are aware and might fail to remember that a second line enters the building from the other end. Evidence to this effect is given by the Chief of the Fire Department of the City of Gretna, by the Supervisor of the Plumbing Department and by the expert produced on behalf of the respondent corporation.
In the brief submitted on behalf of the respondent corporation there is abundant authority to the ’ effect that a public service corporation must be controlled by the rules and regulations of such a municipality. The necessity for such rules is so apparent that we shall not burden this opinion with a discussion of legal authorities. Relator contents himself with an argument to the effect that since there is no state statute nor municipal ordinance which prohibits such an installation, the refusal of the respondent company to comply with his request is arbitrary and capricious. We cannot agree. The action of the respondent corporation is in no sense capricious or arbitrary.
The judgment appealed from is affirmed at the cost of appellant.
Affirmed.
McBRIDE, J., absent, takes no part.