The appellant was indicted by a grand jury of Montgomery County for robbery. Upon arraignment, the appellant, through court appointed counsel, entered pleas of not guilty and not guilty by reason of insanity. Counsel requested that the appellant be given a psychiatric examination and the appellant was subsequently sent to Bryce Hospital. At a later date, further information was requested on the mental condition of the appellant and he was returned to Bryce Hospital.
On August 5, 1976, the appellant was convicted and sentenced to ten years in the penitentiary. Counsel was appointed to represent the appellant on appeal.
Only one issue is raised on appeal. The appellant urges reversal based upon the failure of the trial court to allow into evidence letters which were allegedly written by the appellant to his court appointed counsel from hospitals in which the appellant was confined. *Page 575 
The evidence affirmatively shows that on June 10, 1975, Lester Burges was waiting for his present wife to get off work. The appellant had been standing on a corner trying to "thumb" a ride when he walked over to Burges, pulled a pistol out of a vanilla wafer box and forced Burges into the back seat. The appellant then drove the car until he crashed into a tree. Telling Burges not to leave the automobile the appellant took a .25 caliber automatic pistol from the glove compartment and $2.00 from Burges. The appellant then ran off down a dirt road.
The appellant was quickly apprehended after a State Trooper was flagged down by a woman who told him that the appellant was in her house.
At the close of the state's evidence, court appointed counsel took the witness stand on behalf of the defendant and testified that he had received a series of letters written by the appellant from "hospitals"; that these letters had been in his possession since he received them; and that the letters are the same letters he received from the appellant. Counsel then offered to introduce them into evidence. The state objected and the trial court sustained that objection. The appellant took exception to the court's ruling.
On appeal the appellant argues that the question of insanity was before the jury. He contends that "these letters, written in appellant's own writing and setting forth his thought process sheds light on his ability to know right from wrong and . . . his ability to adhere to the right if possible".
The letters are not a part of the record on appeal. At the time the letters were presented in the trial court they were identified only as having been written to defense counsel by the appellant "from hospitals". Counsel testified that these letters had remained in his possession from the time he received them. Nowhere in the record does it appear that the letters came from any mental hospital nor does the record reveal their subject matter.
Furthermore, from the record, we have no knowledge of what defense counsel was attempting to establish by the admission of these letters. The record is silent as to whether or not the letters could "throw some light on the issue of sanity or insanity ".
This court is bound by the record and cannot consider statements in the appellant's brief not supported by the record. 7 Alabama Digest, Criminal Law, 1128 (2). This court cannot pass on the question as to whether an exhibit should have been admitted into evidence where it was not copied into the record. Seals v. State, 282 Ala. 586, 213 So.2d 645 (1968). Counsel has the duty of developing the appellate record.
Additionally, even if the letters had been made a part of the record they would still be inadmissible as defense counsel did not lay a proper foundation for their authenticity and admissibility. Letters written by the accused are relevant and may be admissible on the issue of insanity where they tend to show his mental condition. 22A C.J.S. 447 Criminal Law § 620 (2). However before a letter is received in evidence, it is necessary to lay a foundation establishing its identity and authenticity, as by introduction of proof as to the source of the letter, or proof of the handwriting or signature of the sender. 23 C.J.S. 324 Criminal Law § 850; Stallcup v. State,22 Ala. App. 427, 117 So.2d 617, cert. denied, 218 Ala. 102,117 So. 118 (1928).
 "The mere fact that a letter purports to be written and signed by a particular person and was received by the addressee through the mail is not sufficient to establish authenticity." 23 C.J.S. 325 Criminal Law, § 850.
And finally, insanity may not be proved or disproved by hearsay. Jarvis v. State, 220 Ala. 501, 126 So. 127 (1930);Harris v. State, 8 Ala. App. 33, 62 So. 477 (1913); Dickinson v.State, 228 Ala. 28, 152 So. 29 (1934); 6 Alabama Digest, Criminal Law, 421 (4). Hearsay is no more admissible in a memorandum or letter used in evidence than it would be in direct oral *Page 576 
testimony. Deal v. Hubert, 209 Ala. 18, 95 So. 349 (1923). While the appellant could have testified to his own mental condition, he should not be permitted to introduce hearsay evidence to the same effect in the first instance. (Under the "doctrine of recent fabrication" the appellant may have introduced the letters to corroborate his testimony and rebut the inference of a recent fabrication. Williams' Alabama Evidence, § 94, pp. 194-195. However this question is not before us.)
We have reviewed the record on appeal in its entirety and find no error prejudicial to the substantial rights of the appellant. Therefore judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.