BOWEN, Judge.
The defendant was convicted for theft of property in the second degree and sentenced to three years’ imprisonment.
*12 I
The issue of the defendant’s guilt was properly submitted to the jury.
Beyond any question the State proved that on January 29, 1982, Ms. Lori Sieben-ahler, alias Lori Martin, Debra Young, Mrs. H.W. Christopher, purchased $40 worth of auto parts with a $300 money order from Fast Auto Parts. The original money order had been altered from $1 to $300. In cashing the money order she used a driver’s license bearing the defendant’s photograph. When asked for further identification, she summoned the defendant who had been waiting outside in her automobile. She introduced the defendant as her fiance.
The money order was purchased by a Mrs. H.W. Christopher. Mrs. “Christopher” gave a false telephone number and address.
That same day Ms. Siebenahler, now calling herself Debra Young, and the defendant selected some materials for purchase at Herring Discount Plywood. When she attempted to cash a second $300 money order, she again produced an identification bearing the defendant’s photograph. During this time the defendant had returned to the automobile. When Ms. “Young” explained that the defendant was just her fiance and not her husband, the store employee refused to accept the money order.
The next day Ms. “Young” and the defendant returned to Herring Discount Plywood and Ms. Young again attempted to cash the money order. At that time both she and the defendant were arrested.
Ms. Siebenahler told the police that the defendant was her husband although other evidence indicates that they were just living together. In her purse were three additional forged money orders and “several different identifications.” Ms. Siebenahler pled guilty to two offenses involving the fraudulent money orders.
A search of the defendant’s motel room, which was registered to the defendant and Lori Siebenahler, revealed an uncompleted letter “believed” to be written by Ms. Sie-benahler and addressed to “Phil”. The letter was found on the night table next to the bed. The letter requested “I.D.s” for Lori Lea Martin, Cherish Lynn Alexander and Larry Alexander. Different physical characteristics, birth dates and social security numbers were listed for each personality. In addition “3 blank ones (identifications)” were requested.
Although the State’s case against the defendant was circumstantial and weak, it was sufficient to present a question for the jury on his guilt or innocence.
After examining the record on appeal and applying the principles of Dolvin v. State, 391 So.2d 133, 137-138 (Ala.1980), and Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), we find that the jury might reasonably conclude that the defendant was guilty and, therefore, we refuse to reverse this conviction because it was based on circumstantial evidence. Potts v. State, (1983) 426 So.2d 896 (Ala.1983). “It is not necessary for a conviction that the defendant be proved guilty to the ‘exclusion of every possibility of innocence’.” Burks v. State, 117 Ala. 148, 150, 23 So. 530 (1898).
In weighing evidence “courts and juries must use common sense, common reason, and common observation as well as a common knowledge of the usual acts of men and women under given circumstances.” Thompson v. State, 21 Ala.App. 498, 499, 109 So. 557 (1926).
II
The defendant was indicted for the theft which occurred at Fast Auto Parts. Evidence of the attempted theft the following day at Herring Discount Plywood was properly admitted to show knowledge, intent, and scheme. C. Gamble, McElroy’s Alabama Evidence, Section 69.01(11) (3rd ed. 1977). In cases involving forgery (McElroy, Section 70.01(11)) and larceny (McElroy, Section 70.01(19)), evidence of prior and subsequent crimes is admissible to prove intent. We note that the trial judge instructed the jury that evidence of the other money orders was admitted as having probative value on the issue of guilt other than as tending merely to show the accused’s bad character.
*13 III
Thé defendant also contends that the trial judge erred in admitting the letter found in his motel room. On appeal the defendant cites Edmunds v. State, 203 Ala. 349, 83 So. 93 (1919), and Howard v. State, 347 So.2d 574 (Ala.Cr.App.1977), and argues that the note was irrelevant and that its identity and authenticity were not properly admitted.
The record only reflects that when the note was offered into evidence defense counsel made the same objection that he had previously voiced at an “At-Bar conference, out of the hearing of the Jury and the Court Reporter.” The objection was overruled without comment.
After the State rested its case in chief, defense counsel moved to exclude the evidence and renewed his previous objections. With regard to the letter, the trial judge noted:
“The Defendant renewed his objection to State’s Exhibit Number Seven, a note found in Defendant’s motel room. This exhibit could shed light on the alleged scheme, design, of falsifying identification. Motion overruled.”
When the defendant testified in his defense, he denied any knowledge of the note.
While the letter was not properly authenticated under Howard, it does not appear from the record that defense counsel made the specific ground of objection that he advances here. “(I)f only general grounds are assigned in support of the objection, no error results in overruling the objection unless the evidence is illegal for any purpose and cannot be made legal by other evidence or by supplying additional evidence.” Lawrence v. State, 409 So.2d 987, 989 (Ala.Cr.App.1982). A specific ground of objection waives other grounds not specified. Cook v. State, 384 So.2d 1158, 1160 (Ala.Cr.App.), cert. denied, Ex parte Cook, 384 So.2d 1161 (Ala.1980). See also Bland v. State, 395 So.2d 164 (Ala.Cr.App.1981).
Additionally, we note that proof that a person possessed a writing usually warrants a finding or presumption that he knew the contents of such document. Cox v. State, 367 So.2d 535, 540 (Ala.Cr.App. 1978), cert. denied, Ex parte Cox, 367 So.2d 542, (Ala.1979).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.