The appellant, Michael Sizemore, was convicted of assault in the second degree, a violation of § 13A-6-21, Code of Alabama 1975, and was sentenced to 10 years in the state penitentiary.
The appellant contends, and the state concedes, that reversible error occurred when the trial court gave erroneous instructions to the jury regarding the offense of assault in the second degree.
The appellant was indicted for assault in the first degree. The trial court refused to charge the jury on assault in the first degree, stating that no proof had been presented of serious physical injury necessary to satisfy the element in the first degree assault statute. The trial court gave the following instruction on assault in the second degree:
 "The charge that is being submitted to you is assault in the second degree. A person commits the crime of assault in the second degree if he recklessly causes physical injury to another person by means of a deadly weapon or a dangerous instrument. And I will instruct you as a matter of law that an automobile can be a dangerous instrument or a deadly weapon. It can be depending on how it is used."
(Emphasis added.) The statute defining assault in the second degree provides as follows:
 "(a) A person commits the crime of assault in the second degree if the person does any of the following:
 "(1) With intent to cause serious physical injury to another person, he or she causes serious physical injury to any person.
 "(2) With intent to cause physical injury to another person, he or she causes physical injury to any person by means of a deadly weapon or a dangerous instrument.
 "(3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument."
Section 13A-6-21, Code of Alabama 1975.
The trial court's instruction failed to correctly state the law on assault in the second degree in that it failed to distinguish between the three statutory variations of assault in the second degree.
Furthermore, the trial court's refusal to instruct the jury on assault in the first degree was error. As the Alabama Supreme Court stated in Anderson v. State, 686 So.2d 381 (Ala. 1996): " 'Serious physical injury' is defined as, '[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ' § 13A-1-2(9)."
The court erroneously found that the facts of the case did not establish "serious physical *Page 546 
injury" because there was no evidence that the injury was life-threatening. The record reflects that the victim was injured as a result of an automobile collision with the appellant's car. As a result of the accident the victim had underwent surgery on her knee and wore a brace on that knee for two years. The victim testified that after the accident she cannot walk for as long as she could before the accident. This testimony was sufficient to show that the victim suffered "serious physical injury" as defined in the statute defining the offense of assault in the first degree.
For the foregoing reasons, the judgment is reversed and the cause remanded to the circuit court for Jefferson County for proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
All the Judges concur.