HOUSTON, Justice.
John Steven Marlowe was convicted of robbery in the first degree, a violation of Ala.Code 1975, § 13A-8ritl, and was sentenced to life imprisonment. The Alabama Court of Criminal Appeals affirmed Marlowe’s conviction. Marlowe v. State, 854 So.2d 1182 (Ala.Crim.App.2002). We granted Marlowe’s petition for a writ of certiorari to determine whether the Court of Criminal Appeals correctly decided that the State had produced sufficient evidence indicating that the victim had suffered a “serious physical injury,” an element of § 13A-8-41. We now affirm the judgment of the Court of Criminal Appeals and adopt the reasoning of that court as set out in the following portion of its opinion:
“Marlowe argues in his brief to this Court that the trial court erroneously denied his motion for a judgment of acquittal and his motion for a new trial.... Marlowe, in his motion for a new trial [and in his motion for a judgment of acquittal], argued, in relevant part, that the State had failed to prove a prima facie case of first-degree robbery, and he specifically stated that the prosecution had failed to prove that [the victim] suffered serious physical injury.
“The Alabama Supreme Court addressed the appellate court’s role in reviewing the sufficiency of the evidence in criminal cases in Ex parte Woodall, 730 So.2d 652 (Ala.1998):
“ ‘ “In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution. Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff'd, 471 So.2d 493 (Ala.1985).” Powe v. State, 597 So.2d 721, 724 (Ala.1991). It is not the function of this Court to decide whether the evidence is believable beyond a reasonable doubt, Pennington v. State, 421 So.2d 1361 (Ala.Cr.App.1982); rather, the function of this Court is to determine whether there is legal evidence from which a rational finder of fact could have, by fair inference, found the defendant guilty beyond a reasonable doubt. Davis v. State, 598 So.2d 1054 (Ala.Cr.App.1992). Thus, “[t]he role of appellate courts is not to say what the facts are. [Their role] is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.” Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978) (emphasis original).’
“730 So.2d at 658.
“Section 13A-8-41(a)(2), Ala.Code 1975, provides: ‘A person commits the crime of robbery in the first degree if he *1191 violates Section 13A-8^43 and he: ... Causes serious physical injury to another.’ Section 13A-8-43 defines third-degree robbery. A person commits third-degree robbery in violation of § 13A-8-43, Ala.Code 1975, if he uses force or threatens the imminent use of force in the course of committing a theft.
“ ‘Serious physical injury1 is defined as ‘[pjhysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ.’ § 13A-l-2(9), Ala.Code 1975. In determining whether serious physical injury has occurred, ‘neither the jury nor this Court [are] required to ignore “common sense, common reason, and common observation.” Thompson v. State, 21 Ala.App. 498, 499, 109 So. 557 (1926).’ Hale v. State 654 So.2d 83, 86 (Ala.Crim.App.1994).
“The evidence at trial revealed that Marlowe struck the 75-year-old victim in the head and robbed him of the contents of his wallet. The blow to [the victim’s] head rendered him unconscious; he also suffered a laceration to the head requiring closure with metal staples. Two witnesses testified that they saw blood flowing from an open wound on [the victim’s] head. Dr. David Keddy, the emergency-room physician who treated [the victim], testified that he suffered from an eight centimeter laceration to the head. The victim was given a CAT scan, and the results showed that the brain was within ‘normal and acceptable limits.’ (R. 43.) The wound was closed with metal staples; [the victim] was hospitalized and remained under observation for three days following the incident.
“Dr. Keddy testified that this type of injury could cause serious harm or death, but that he did not consider [the victim’s] injuries to be life threatening. Dr. Keddy testified that although he did not think the injuries created a substantial risk of death, it would have been possible for [the victim] to have died if he had not received medical treatment, and that the injuries caused a serious and permanent disfigurement of [the victim’s] head, but that he could not say whether they would cause him protracted or long-term health problems. Indeed, Dr. Keddy stated that he would have to refer questions of long-term impairment to Dr. Stallworth, the doctor who treated and observed [the victim] following his removal from the emergency room into a regular hospital room. Dr. Stallworth did not testify at trial.
“At trial, [the victim] testified that his assailant struck him in the head with some sort of hard object, causing him to lose consciousness two or three times during the attack. Some five months after the attack, [the victim] testified that he still suffered from headaches, sharp pain, dizziness, blurred vision, and some memory loss as a result of the blow to his head. He also stated that he suffered some back problems from the fall. Additionally, [the victim] testified that he did not return to his office for over a month following the attack. [The victim] testified the he was knocked unconscious two or three times during the attack, and that he was struck with some sort of hard object.
“Given [the victim’s] age, together with his testimony of his continued medical problems, the evidence was sufficient to create a jury question as to whether [the victim] suffered ‘serious physical injury’ as defined in § 13A-1-2(9). Indeed, this Court has held similar evidence to be sufficient to create a jury question as to whether the victim had suffered ‘serious physical injury’ as *1192 defined by statute. In Sizemore v. State, 686 So.2d 544 (AIa.Crim.App.1996), this Court rejected a trial court’s finding that an injury had to be ‘life-threatening’ before it would constitute ‘serious physical injury.’ We stated:
“ ‘The [trial] court erroneously found that the facts of the case did not establish “serious physical injury” because there was no evidence that the injury was life-threatening. The record reflects that the victim was injured as a result of an automobile collision with the appellant’s car. As a result of the accident the victim had undergone] surgery on her knee and wore a brace on that knee for two years. The victim testified that after the accident she cannot walk for as long as she could before the accident. This testimony was sufficient to show that the victim suffered “serious physical injury” as defined in the statute defining the offense of assault in the first degree.’
“686 So.2d at 545-46. Likewise, in James v. State, 654 So.2d 59, 60 (Ala. Crim.App.1994), this Court held that the State had established that the victim suffered ‘serious physical injury’ by the victim’s testimony that the defendant hit her with a baseball bat, that she was rendered unconscious, that she required stitches and spent several days in the hospital, that she still suffered from headaches some months after the attack, that she could not walk for about a week, and that she could not return to work for several months. See also Glass v. State, 671 So.2d 114, 120 (Ala.Crim.App.1995) ... (that victim sustained ‘serious physical injury’ was established by evidence that victim continued to suffer from severe headaches more than a year after the assault, that the victim developed additional medical problems as a result of the attack, that the victim’s injuries caused her to experience pain when chewing, and that the victim would continue to suffer from these conditions for the remainder of her life)[, overruled in part on other grounds, Ex parte Gentry, 689 So.2d 916 (Ala.1996)]. Although those cases involved the offense of first-degree assault rather than first-degree robbery, the same definition of ‘serious physical injury’ is applicable in this case as in those cases.
“This Court’s duty is to determine whether there was legally sufficient evidence to support the conviction. Based on Sizemore, James, and Glass, we conclude that the State presented sufficient evidence indicating that the victim suffered ‘serious physical injury’ to present a question for the jury’s determination .... [Biased on the particular facts of this case, to hold that Marlowe’s attack on the victim did not result in ‘serious physical injury’ would require this Court ‘to ignore “common sense, common reason, and common observation.” ’ Hale v. State, supra, 654 So.2d at 86 (quoting Thompson v. State, 21 Ala.App. 498, 499, 109 So. 557, 558 (1926)). The jury weighed the evidence and found Marlowe guilty of first-degree robbery. It is not this Court’s responsibility to reweigh the evidence. The trial court correctly denied Marlowe’s motion for a judgment of acquittal and his motion for a new trial.”
Marlowe v. State, 854 So.2d at 1186-88.
The Court of Criminal Appeals recognized that their opinion appeared to signify a less stringent definition of “serious physical injury.” Its opinion states:
“We acknowledge that our decision in this case may appear to signal a shift away from the seemingly more stringent definition of ‘serious physical injury” this *1193 Court applied in Wilson v. State, 695 So.2d 195 (Ala.Crim.App.1997), Saylor v. State, 719 So.2d 266 (Ala.Crim.App.1998), and other cases. [We do not] address[] whether today’s decision signals such a shift-”
Marlowe, 854 So.2d at 1188. To the extent that the Court of Criminal Appeals’ opinion signals a shift in the application of § 13A-l-2(9), Ala.Code 1975, we adopt that shift.
Accordingly, the judgment of the Court of Criminal Appeals is affirmed.
AFFIRMED.
MOORE, C.J., and SEE, LYONS, BROWN, HARWOOD, WOODALL, and STUART, JJ., concur.
JOHNSTONE, J., concurs in part and dissents in part.