Appellant, Johnny Powell, was charged with assault in the first degree, in violation of § 13A-6-20(a)(5), Code of Alabama 1975, and was convicted of assault in the second degree, in violation of § 13A-6-21(a)(3). He was sentenced to 18 months' imprisonment, 9 months of which was to be served, with the remaining 9 months to be under supervised probation. In addition, appellant was ordered to pay restitution of $4,350 to the victim, John Michael Taylor, $50 to the Victim's Compensation Fund, and court costs. Appellant raises several issues.
 I.
Appellant contends that the trial court erred in refusing to give his requested written jury instructions to the effect that proof of a conviction of driving under the influence of alcohol or drugs is a necessary element of assault in the first degree, as charged in the indictment. At trial, appellant objected to the refusal of the trial court to give his written requested instructions, as follows: "We feel that each and every one of them were correct and valid statements of the law pertaining to our particular facts or the facts in general to the case and we object to their refusal." Appellant's objection did not "state with particularity the grounds" on which he based his objection, as required by A.R.Cr.P.Temp. 14. See Bogan v.State, 529 So.2d 1029, 1031 (Ala.Cr.App. 1988) (quoting Matkinsv. State, 497 So.2d 201, 203 (Ala. 1986)). Because of appellant's failure to properly object to the court's refusal to give the requested written instructions, this issue is not before us for review and is procedurally barred. Furthermore, because appellant was convicted of the lesser included offense, it was harmless for the trial court to refuse to give appellant's requested instructions that related to the greater offense. See Morgan v. State, 363 So.2d 1013, 1016
(Ala.Cr.App. 1978).
 II.
Appellant contends that the trial court erred in denying his motion for judgment *Page 1287 
of acquittal and his motion for acquittal notwithstanding the verdict. He further argues that the trial court erred in instructing the jury that assault in the second degree is a lesser included offense of assault in the first degree under the facts of the case.
The indictment in this case reads, in pertinent part, as follows:
 "[T]hat . . . Johnny Powell . . . did, while driving under the influence of alcohol or a controlled substance, or any combination thereof, in violation of § 32-5A-191 cause serious bodily injury to John Michael Taylor with a motor vehicle, in violation of § 13A-6-20(a)(5) of the Code of Alabama. . . ."
The trial judge, after charging the jury on the elements of assault in the first degree, as charged in the indictment, charged the jury on the elements of assault in the second degree, as defined in § 13A-6-21(a)(3), as follows:
 "Assault in the second degree requires that the State has satisfied you beyond a reasonable doubt that the Defendant acted recklessly as I defined that to you, that the result of his reckless action was serious injury, in this case to John Michael Taylor through the reckless operation of a vehicle.
 "If you are satisfied beyond a reasonable doubt that the State did not prove assault first, but did prove each element of assault second, it would be your duty to return a verdict of 'We, the Jury find the Defendant guilty of assault in the second degree.' "
For assault in the second degree under § 13A-6-21(a)(3) to be classified as a lesser included offense of assault in the first degree under § 13A-6-20(a)(5), it must meet the definitional requirements found in § 13A-1-9. That statute, in pertinent part, states the following:
 "(a) A defendant may be convicted of an offense included in an offense charged. An offense is an included one if:
 "(1) It is established by proof of the same or fewer than all the facts required to establish the commission of the offense charged; or
". . . .
 "(b) The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense."
Section 13A-6-20(a)(5) reads, in pertinent part, as follows:
 "A person commits the crime of assault in the first degree if . . . [w]hile driving under the influence of alcohol or a controlled substance or any combination thereof in violation of section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle."
Section 13A-6-21(a)(3) provides in pertinent part, as follows:
 "A person commits the crime of assault in the second degree if . . . [h]e recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument. . . ."
In determining whether it was proper for the trial court to instruct the jury that assault in the second degree, as defined in § 13A-6-2(a)(3), is a lesser included offense of assault in the first degree, as defined in § 13A-6-20(a)(5), under the facts of the instant case, we must in accordance with §13A-1-9(a)(1) determine whether all or fewer than all of the facts establishing the commission of assault in the first degree also establish the commission of assault in the second degree. See, e.g., Ex parte Jordan, 486 So.2d 485, 488
(Ala. 1986). We conclude that they do, for the evidence established the following: On September 10, 1988, appellant and two of his friends, John Michael Taylor and Tommy Mosley, Jr., met at Taylor's home around 6:00 a.m. After drinking a case of beer and a fifth of whiskey, they decided to drive to Mobile. Before leaving, they bought a second case of beer and placed it in a cooler in the back of the truck driven by appellant. Eventually the trio drove to Loxley and went swimming. After consuming, in total, five to six cases of beer and four to six fifths of whiskey during the *Page 1288 
entire day, appellant, Taylor, and Mosley decided to go home.[1] The road was wet from a heavy downpour of rain. The truck was "flying" as appellant drove it down a dirt road, and it "hit" the paved highway while traveling between 60 and 70 miles per hour. Taylor "screamed" at appellant, in an effort to make him slow down the vehicle. When the vehicle reached a "ninety degree" curve in the highway, it plowed straight ahead into an embankment after skidding on the wet pavement approximately 100 feet.
At the time of the accident, there were highway signs warning drivers of the sharp curve ahead. Officer Tim McGlothlin, who arrived at the scene of the accident immediately after it occurred, observed that appellant was unsteady on his feet, had a strong odor of alcohol on his breath, had bloodshot eyes, spoke in a "thick-tongued" manner, and kept rambling, "saying the same things over and over." In McGlothlin's opinion, appellant was intoxicated and was "under the influence [of alcohol] to such a degree [that] he could not safely operate a motor vehicle."
Taylor was taken by ambulance to a nearby hospital for treatment of injuries he received in the accident. He was subsequently operated on because of the injuries sustained in the accident. He remained hospitalized for seven days. Taylor testified that, as a result of the accident, he lost 80 percent of his hearing in one ear, had a chipped bone in his face, and had to have a plate "put" in his hip. Taylor now walks with a limp and claims that he has had three nervous breakdowns since the accident. It is possible to find, from these facts, that appellant recklessly caused serious physical injury to Taylor with the truck he was driving. These facts establish that appellant was aware of and consciously disregarded a substantial and unjustifiable risk that this accident and resulting serious physical injury would occur, see §13A-2-2(3). "A person who creates a risk but is unaware thereof solely by reason of voluntary intoxication . . . acts recklessly with respect thereto." Id.
Accordingly, we find that, under the facts of this case, assault in the second degree is a lesser included offense of assault in the first degree. The trial court was correct in instructing the jury on assault in the second degree.
Appellant questions the sufficiency of the state's evidence to support his conviction. He argues that the state was required to prove that he had been charged with or convicted of driving while under the influence of alcohol, and that it failed to do so. We need not address this contention, since it contests a conviction on the charge of first degree assault, the charge for which appellant was acquitted.
Appellant also argues that there was no evidence presented by the state to show that he caused serious bodily injury to Taylor.
In reviewing the sufficiency of the evidence, this court must review the evidence in the light most favorable to the prosecution. Cumbo v. State, 368 So.2d 871, 874
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979). The standard of review is whether legal evidence was presented to the jury from which the jury could by fair inference find the defendant guilty beyond a reasonable doubt. Jackson v. State,516 So.2d 726, 753 (Ala.Cr.App. 1985), remanded on othergrounds, 516 So.2d 768 (Ala. 1986). After reviewing only that evidence produced by the state before appellant's motion for judgment of acquittal, we find that sufficient legal evidence existed to support the trial court's submission of this case to the jury on the charge of second degree assault. *Page 1289 
For the reasons stated above, this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] The state's evidence of the amount of alcohol consumed came from the testimony of Taylor. While the amount of alcohol that Taylor says was consumed may appear to be exaggerated, and indeed, appellant testified that the amount consumed was much less, it is fair to conclude that appellant and his companions consumed a substantial amount of alcohol during the course of the day.