[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11063
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00035-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

NORMAN RUSSELL WILLIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 19, 2013)

Before CARNES, Chief Judge, TJOFLAT and JORDAN, Circuit Judges.

PER CURIAM:

Norman Russell Willis appeals his 60-month sentence after pleading guilty

to one count of being a felon in possession of a firearm in violation of 18 U.S.C.

§ 922(g).    He contends that his sentence is procedurally and substantively unreasonable.

I.

Willis shot his friend, James Owens, the night of November 15, 2011. Willis was intoxicated and waving the gun around when it went off. The bullet struck Owens through the chest and neck, putting him in the hospital. A federal grand jury indicted Willis in March 2012, charging him with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). Willis pleaded guilty in November 2012.

The presentence investigation report (PSR) calculated a base offense level of 14 under United States Sentencing Guideline § 2K2.1(a)(6). Because Willis possessed the firearm in connection with another felony offense — his aggravated assault of Owens — the PSR added 4 levels under § 2K2.1(b)(6)(B). The PSR then followed the cross-referencing provision in § 2K2.1(c)(1)(A) and considered the base offense level and enhancement provisions for aggravated assault under § 2A2.2. It kept the same base offense level of 14, see U.S.S.G. § 2A2.2(a), but applied several enhancements. The PSR added 5 levels under § 2A2.2(b)(2)(A) because the firearm was discharged, and 7 levels under § 2A2.2(b)(3)(C) because Owens sustained a life-threatening bodily injury. While 5 plus 7 normally equals 12, the cumulative enhancement under § 2A2.2(b)(2) and (3) cannot exceed 10

2

levels.  See U.S.S.G. § 2A2.2(b)(3)(E).  So Willis received only a 10-level adjustment.  Finally, the PSR subtracted three levels for acceptance of responsibility under § 3E1.1, giving Willis a total offense level of 21.  That offense level combined with Willis' criminal history category of IV to give him a guidelines range of 57 to 71 months imprisonment.

Willis raised several objections to the PSR; one of them is relevant to this appeal.  He pointed out that his sentencing enhancements were predicated on an aggravated assault, and argued that they should not apply because he did not act with the intent required for aggravated assault.  The government responded by calling Owens as a witness at the sentencing hearing.  Owens testified that Willis did not purposefully shoot him, and that the gun went off when Willis was waving it around.  The government used Owens' testimony to contend that Willis' actions amounted to second-degree assault under Alabama law, which is a Class C felony.  See Ala. Code § 13A-6-21(a)(3), (b).  It then argued that a felonious assault under state law, combined with the serious bodily injury Owens suffered, amounted to aggravated assault under the guidelines.  See U.S.S.G. § 2A2.2 cmt. n.1.

The district court accepted the government's position and held that the shooting qualified as an aggravated assault under the guidelines.  The court took the base level of 14, then added a 5-level enhancement under § 2A2.2(b)(2)(A) for discharge of a firearm and a 5-level enhancement under § 2A2.2(b)(3)(B) for

3

"serious bodily injury" to the victim.[1]  Finally, the court subtracted 3 levels under § 3E1.1 for acceptance of responsibility resulting in a total offense level of 21, as before, along with the same criminal history category of IV, yielding the same guidelines range of 57 to 71 months.  The district court then considered the sentencing factors under 18 U.S.C. § 3553(a) and settled on a sentence of 60 months imprisonment.

## II.

We review sentencing decisions only for an abuse of discretion, using the two-step method outlined in Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 597 (2007).  First, we review the procedural soundness of the decision, checking to ensure, among other things, that the district court has not miscalculated the guidelines range, treated the guidelines as mandatory, failed to consider the § 3553(a) factors, selected a sentenced based on clearly erroneous facts, or failed to adequately explain the chosen sentence — including any deviation from the guidelines range.  United States v. Shaw, 560 F.3d 1230, 1237 (11th Cir. 2009).  Next, we assess the "substantive reasonableness" of the decision given the totality of the circumstances, "including the extent of any variance from the Guidelines range."  Id. (quotation marks omitted).  In making the second inquiry, we do not

---

[1] The district court relied on § 2A2.2(b)(3)(B) because the parties stipulated at the sentencing hearing that there was a serious bodily injury.  Doing that actually made no difference to the ultimate guidelines calculation because Willis' base offense level was 21 regardless of whether the court used § 2A2.2(b)(3)(B) or § 2A2.2(b)(3)(C).  See U.S.S.G. § 2A2.2(b)(3)(E).

4

presume that sentences outside the guidelines are unreasonable, but we can consider the extent of the variance in making our assessment.  Id.

## A.

Willis contends that the district court miscalculated his guidelines range by cross-referencing the aggravated assault guidelines in U.S.S.G. § 2A2.2.  His argument rests on the mistaken assumption that intent is a necessary element of "aggravated assault" under § 2A2.2.  The commentary to § 2A2.2 states that: "'Aggravated assault' means a felonious assault that involved (A) a dangerous weapon with intent to cause bodily injury (i.e., not merely to frighten) with that weapon; (B) serious bodily injury; or (C) an intent to commit another felony." U.S.S.G. § 2A2.2 cmt. n.1 (emphasis added).  Contrary to Willis' reading, we conclude that the disjunctive structure of the definition gives an independent meaning to each of the three demarcated clauses.  See Jaggernauth v. U.S. Attorney Gen., 432 F.3d 1346, 1353–54 (11th Cir. 2005).  So subsection (B)'s definition of aggravated assault does not include the "intent" element found in subsections (A) and (C).  U.S.S.G. § 2A2.2 cmt. n.1.  See also United States v. Garcia-Camacho, 122 F.3d 1265, 1268 (9th Cir. 1997) ("Section 2A2.2 . . . applies even where there is no finding that a defendant had the specific intent to cause serious bodily injury.").  So the district court did not abuse its discretion as long as

5

it could conclude that (1) Willis committed a "felonious assault," and (2) Owens suffered "serious bodily injury."

The government presented evidence that allowed the court to do just that. Initially, Owens testified that Willis was "pretty intoxicated," that he was "playing" with the gun, and that he was "waving the gun around" when it went off. The district court did not abuse its discretion by concluding that Willis' behavior met the elements for second-degree assault under Alabama Code § 13A-6-21(a)(3). Cf. Powell v. Alabama, 576 So. 2d 1285 (Ala. Crim. App. 1991) (upholding a guilty verdict under § 13A-6-21(a)(3) where the defendant drove while intoxicated, at excessive speeds, on a wet highway). Owens also testified that the bullet wound put him in the hospital for several days. An injury that puts the victim in the hospital qualifies as a "serious bodily injury" under the guidelines. See U.S.S.G. § 1B1.1 cmt. n.1(L). The evidence presented at sentencing thus allowed the district court to conclude that Willis committed an aggravated felony, and the district court's cross-referencing of the aggravated assault guidelines was therefore not an abuse of discretion.

## B.

Willis also contends that his sentence is substantively unreasonable. He has not, however, carried his burden of demonstrating that the district court "committed a clear error in judgment in weighing the § 3553(a) factors." United

<u>States v. Irey</u>, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (quotation marks omitted).  While he points to several facts that he believes should have received greater weight from the district court, the abuse-of-discretion standard requires more.  See <u>Gall</u>, 552 U.S. at 51, 128 S.Ct. at 597 ("The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court.").  The totality of the circumstances show that Willis' sentence was reasonable.  His within-the-guidelines-range sentence takes into account the nature and circumstances of his offense, his criminal and personal history, as well as the other § 3553(a) factors.

**AFFIRMED.**