196 So. 753

**MARTIN et al. v. STATE.**

**7 Div. 484.**

Court of Appeals of Alabama.

June 11, 1940.

Savage & Savage, of Centre, for appellants.

Thos. S. Lawson, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

RICE, Judge.

The record presents but a single question. It will be stated in this way: Appellants were jointly indicted for a felony. They were jointly tried.

After the submission of the case to the jury the jury retired to the jury room, and after it had deliberated for some time it came back into open court to report its "verdict."

After being asked by the court if it had reached a verdict one member of the jury handed to the Clerk the indictment, upon the back of which was written the following "verdict:" "We the jury find the defendant Bud Martin guilty as charged in the indictment but we are not able to agree as to defendant Talmadge Martin." And the same was signed "T. A. Young, Foreman."

Said "verdict" was then and there read aloud in open court by the Clerk.

Thereupon, and over the timely objections of counsel for the defendants, the court sent the jury back to its room for further deliberation and consideration of the case, sending its written and reported "verdict" back with it.

Immediately after the Clerk had read such "verdict" the defendants moved the court for a mistrial as to both defendants; and, separately, as to Talmadge Martin. And reserved due exceptions to the overruling of said motions.

At the time of the jury's report to the court of its said "verdict" it did not ask for and did not receive any further charge, advice or instructions from the court other than the court's instruction "to return to its room and consider the case further."

The jury returned to its room and after being out all night, it having been kept together during the night, it returned the following verdict during the next morning session of the court: "We the jury find the defendant's (sic) guilty as charged in

the indictment, and ask the court to be linient (sic). Foreman Signed T. A. Young." (sic).

 Nothing seems better settled than that it is the duty of the court to look after the form and substance of the verdict of the jury, so as to prevent an unintelligible or insufficient verdict from passing into the records of the court. Bentley v. State, 20 Ala.App. 635, 104 So. 679.

■ Nor than that it is never improper for the court to urge upon the jury the duty of trying to reach an agreement, so long as the court does not suggest which way the verdict should be returned. Bufkins v. State, 20 Ala.App. 457, 103 So. 902, certiorari denied, Ex parte Bufkins, 212 Ala. 638, 103 So. 906.

■ Likewise, it is well established that the duration of the deliberations by the jury is committed to the sound discretion of the court; and the exercise of that discretion, in a given case, will not be disturbed on appeal except for a clearly shown abuse thereof. Buntin v. City of Danville, 93 Va. 200, 212, 24 S.E. 830, cited in dissenting opinion by McClellan, J., in Meadows v. State 182 Ala. 51, 62 So. 737, Ann.Cas.1915D, 663.

■ Here, the "verdict" sought to be returned, at first, by the jury was, manifestly, to say the least of it, an insufficient verdict. It was clearly the duty of the court to refuse to receive it.

The case for error, as made for appellants, was no whit stronger than that presented in the Bufkins case, supra. And there this court, in a somewhat exhaustive opinion by the late, lamented, Judge Henry B. Foster, pointed out that there was no similarity between the situation dealt with in such cases as Meadows v. State, supra; and Driver v. Pate, 16 Ala.App. 418, 78 So. 412; and Kansas City, M. & B. R. R. Co. v. Phillips, 98 Ala. 159, 13 So. 65; nor any other of our line of cases dealing with improper conduct of the court toward juries which might probably or possibly coerce the jury into returning a given verdict, and the situation presented here.

As we see it, the instant appeal falls within the influence of the principle announced in the case of Phoenix Ins. Co. v. Moog, 81 Ala. 335, 1 So. 108, which is in substance: Even where the jury has reported its inability to agree upon a verdict, the court may, in the exercise of a sound discretion, order further consideration by the jury, and (though the court did not even go that far, in this case) avoiding any appearance of duress or coercion, advise the jury of the desirability that a verdict be made, that, if practicable, a conclusion of the litigation may be attained, and that they cultivate a spirit of harmony.

The judgments are affirmed.

Affirmed.