On the evening of July 22, 1978, a sixty-one year old female returned home after work to her second floor apartment. She was surprised by a stranger with an ice pick at her front door. Once inside the apartment she was robbed of $67.00, beaten, and sexually assaulted. The defendant was indicted and convicted for robbery. Sentence was fixed by the trial judge at life imprisonment. Three issues are presented on appeal.
 I
The defendant contends that he was entitled to counsel at the preindictment lineup.
The defendant was arrested two days after the robbery and "advised of his rights". He was taken to the police station and again read his Miranda rights. He was shown a "rights form" which he refused to sign. Sergeant Gerard Bolton of the Mobile Police Department testified:
 "A. He did indicate that he wanted an attorney, and I gave him the phone to call . . . and told him to call his attorney and he did not do so. He said he did not know one that he could call right then. He said he was going to wait and let the Court appoint him one. *Page 987 
 "Q. He was going to wait and let the Court appoint him one?
"A. Yes, sir."
A lineup was held a "couple of hours later". Sergeant Bolton specifically denied that the defendant requested counsel by name.
In contradiction to Sergeant Bolton's testimony, the defendant testified that he initially denied exercising his right to counsel. However, after overhearing Sergeant Bolton talking to the victim, he informed the Sergeant that he wanted a lawyer and told him that he wanted David Barnett. Sergeant Bolton attempted to telephone Barnett. When he could only contact Barnett's answering service he told the defendant that he could not get him. The defendant testified that he requested to see Barnett "right away" but that he never did come. The defendant denied being informed that an attorney could be appointed for him. At trial the defendant was represented by privately retained counsel of his own choosing — David Barnett.
Under these facts the trial court properly denied the defendant's motion to suppress the evidence of the lineup identification. The requirement of counsel expressed in UnitedStates v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149
(1967), and Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951,18 L.Ed.2d 1178 (1967), does not apply to confrontations held before the initiation of judicial criminal proceedings. Kirbyv. Illinois, 406 U.S. 682, 92 S.Ct. 1877, 32 L.Ed.2d 411
(1972); McCalpin v. State, 344 So.2d 227 (Ala.Cr.App. 1977);Jackson v. State, 321 So.2d 243 (Ala.Cr.App. 1975). The right to counsel does not arise from the request for counsel, but comes into being by reason of the circumstances of each particular case. Washington v. Holman, 245 F. Supp. 116, 122
(M.D.Ala. 1965), modified 364 F.2d 618 (5th Cir. 1966). An accused is not entitled to counsel at a pre-indictment lineup.Hatcher v. State, 335 So.2d 415, 418 (Ala.Cr.App. 1976).
Under the evidence presented it was disputed whether the defendant requested counsel's immediate presence or whether he decided to wait for one to be appointed. Questions concerning the admissibility of evidence are for the court. Morse v.State, 27 Ala. App. 447, 449, 173 So. 875 (1937). In the light of such conflicting evidence the judgment of the trial court admitting evidence of the lineup identification will not be disturbed. Hill v. State, 337 So.2d 120, 121 (Ala.Cr.App. 1976).
 II
From the record it appears that the jury had some difficulty in arriving at a unanimous verdict. After deliberations had begun, the forewoman of the jury informed the trial court that, unless they could hear certain portions of the trial testimony given by three witnesses "and maybe a little bit more discussion of it", she thought that the jury would be hopelessly deadlocked. The court then instructed the jury and the following occurred.
 "THE COURT: The problem is that there are so many different parts and we might overlook something, and we wouldn't want any kind of verdict to go off on something like that. The case is just too important to let it go off like that. All right. I'm going to declare a mistrial because the jury is unable to reach a verdict.
(Juror raises hand.)
"THE COURT: Yes, sir.
 "JUROR: I was wondering if maybe before you did that, the last few minutes while we were waiting for the tapes — I was wondering that it might be a good idea if we just gave it one last try, say maybe five minutes, go back in there and see if anybody has, you know, changed their mind at all without that.
"THE COURT: Sure. Fine with me.
"JUROR: You know, just give it that last shot.
 "THE COURT: Okay. Let's do that, and I won't declare a mistrial until you tell me that you are hopelessly deadlocked."
No objection to this procedure was made at this time. The jury resumed its deliberations and found the defendant guilty as charged in the indictment. A polling of the *Page 988 
jury indicated that the verdict was the "independent verdict" of each juror.
Upon sentencing, when being asked if he had anything to say, the defendant complained about the trial court's action in allowing the jury to continue its deliberations.
 "I think that what you just did right then was very . . . was a very bad thing to do after the jury came out and said they couldn't come to a conclusion you say it was a mistrial, and you changed your mind and gave 'em five minutes more, but you had already made a statement that you declared it was a mistrial."
There was no motion for a new trial.
The duration of deliberations by the jury is committed to the sound discretion of the trial court. The exercise of that discretion will not be disturbed on appeal except for clear abuse. Martin v. State, 29 Ala. App. 395, 396, 196 So. 753
(1940). The exercise of the discretion of the trial court in declaring a mistrial will not be disturbed on appeal absent a clear showing of abuse. Woods v. State, 367 So.2d 982 (Ala. 1978).
Here the trial judge withheld the declaration of a mistrial upon a juror's suggestion that the jury be permitted a short additional period of deliberation. The judge's decision was certainly not arbitrary and was reasonable. We find no abuse of his discretion and refuse to disturb his judgment.
 III
The defendant was stopped by the police near the victim's apartment. The uncontradicted evidence shows that he was advised that he was under arrest for burglary and rape, and "just like that he says `I didn't rape her', and we (the arresting officers) didn't have a chance to ask him anything". Sergeant Bolton stated that he was "fixing to advise him of his rights" when the defendant made the statement. Prior to this statement the defendant had not been questioned. "`[A] spontaneous statement, blurted out by the accused and volunteered to the police [officer] prior to any questioning, is admissible against him even though he was not given hisMiranda warnings'". Espy v. State, 365 So.2d 356, 357
(Ala.Cr.App. 1978). An unsolicited remark, not in response to any interrogation does not fall within the Miranda rule.Beecher v. State, 56 Ala. App. 212, 221, 320 So.2d 716 (1974), cert. denied, 294 Ala. 752, 320 So.2d 726, reversed on other grounds, 294 Ala. 674, 320 So.2d 727 (1975). The defendant's statement was properly admitted into evidence.
We have searched the record for error prejudicial to the defendant and found none. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.