Assault in the first degree; twenty years.
Dr. R.C. Christopher, a physician in Guin, Alabama, testified that on June 7, 1981, he treated eighty-one-year-old Mrs. Dixie Hollis in the emergency room of the local hospital. He stated that when he first examined her she was semi-conscious, covered with dried blood, and obviously had been severely beaten. The tissue on her left forearm was completely torn back and she had damage to her chest wall. In addition, she had numerous broken ribs, extensive blood clots in both lungs and her right lung had burst. Dr. Christopher said that Mrs. Hollis was "just about dead" and he did not know why the injuries she sustained had not caused her death.
Mrs. Dixie Hollis testified that she and her son, the appellant, lived in the same house. She woke up in the hospital June 7, 1981, and did not remember clearly what had occurred beforehand she stated, "Ty hit *Page 619 
me . . . but he was drunk. I don't blame him at all because he didn't know what he was doing when he hit me."
After the testimony of the two Guin police officers who found Mrs. Hollis and called an ambulance, the State rested. The appellant moved to exclude the evidence because the prosecution had not established a prima facie case of assault in the first degree. The motion was denied and the defense rested without presenting any evidence.
 I
Appellant contends that his motion to exclude should have been granted on the grounds that there was no evidence of his criminal intent to assault his mother and no evidence of the use of a "deadly weapon" or "dangerous instrument" required under § 13A-6-20, Code of Alabama 1975, for assault in the first degree.
The indictment charged that appellant caused serious physical injury to Dixie Hollis "by means of a deadly weapon, or a dangerous instrument, to-wit: by beating her with his fists." In Stewart v. State, 405 So.2d 402 (Ala.Cr.App. 1981) this court stated the following:
 "Certainly the use of an adult man's fists to beat a seventeen month child may appropriately allow those fists to be classified as a deadly weapon or dangerous instrument." 405 So.2d at 405.
In our judgment, the same classification is appropriate when an adult man uses his fists to beat his eighty-one-year-old mother, and under the facts of this case, we hold that appellant's fists were a "deadly weapon" or "dangerous instrument," Stewart v. State, supra.
Furthermore, we believe the criminal intent necessary to constitute the offense may be inferred from the "circumstances of violence and brutality" attending appellant's attack on his mother without a weapon. See Helton v. State, 372 So.2d 390,393 (Ala.Cr.App. 1979).
 II
Appellant claims that the trial court erred by overruling his objection to the following statement made during closing argument by the prosecution: "how come she's got nearly every bone in her body broken?"
Although the statement is not supported by the evidence, in that only the victim's ribs were broken, we do not believe the comment was prejudicial to appellant in view of Dr. Christopher's detailed description of Mrs. Hollis' injuries, including the following:
 "Evidently one of the ribs punctured the lung under the broken ribs. She had other multiple injuries, just abrasions all over. You can well imagine. Maybe, I have painted a picture about how she looked. She was just about dead."
Moreover, following appellant's objection to the comment by the State, the following occurred:
 "Continuing argument by Mr. Tidwell: `. . . and she has a punctured lung as well.'
 "MR. CREEL: Objection . . . there's no testimony that she had a punctured lung.
 "THE COURT: Overruled. The jury will remember the testimony."
In our judgment, the trial court's admonition to the jury to "remember the testimony," following as closely upon the district attorney's reference to broken bones and appellant's first objection as it did, served to impress upon the jury their responsibility to recall the evidence from the witness stand. Further, in its oral charge, the court fully explained to the jury what it could and could not consider as evidence. We find no error prejudicial to appellant's substantial rights here.
 III
The record discloses that at 4:40 P.M. the jury retired to deliberate, and at 4:45 P.M. the jury returned to the courtroom to announce the verdict. Appellant insists that the short time the jury deliberated proved that they could not have fully considered *Page 620 
the evidence before reaching their verdict. He claims the abbreviated time for deliberation amounted to a denial of due process of law for him.
The duration of jury deliberations is a matter vested entirely within the discretion of the trial court. See Lake v.State, 390 So.2d 1088 (Ala.Cr.App. 1980), cert. denied,390 So.2d 1093 (Ala. 1980), cert. denied, 450 U.S. 1004,101 S.Ct. 1715, 68 L.Ed.2d 207 (1981); Martin v. State, 29 Ala. App. 395,196 So. 753 (1940). The record supports no finding of an abuse of discretion here.
We have examined the issues presented on appeal and have found no error. The judgment of conviction by the Marion Circuit Court is hereby affirmed.
AFFIRMED.
All the Judges concur.