JAMES H. FAULKNER, Retired Justice.
Gerard Edwards was indicted for the offense of assault in the first degree in violation of § 13A-6-20, Code of Alabama 1975. A jury trial commenced on February 21, 1991. The following day, the trial court declared a mistrial because of a hung jury. The second trial commenced on March 6, 1991. The jury found Edwards guilty as charged in the indictment. Edwards was sentenced as an habitual offender to 20 years in prison and was ordered to pay $200,000 in restitution and a $100 victim’s compensation assessment. Two issues are raised on appeal.
I.
Edwards contends that the trial court erred in refusing to give his written requested charged on the lesser included offense of assault in the second degree. We disagree.
At the outset we note that Edwards properly preserved this issue for appellate review. Edwards timely submitted his written requested charge on second-degree assault. It was refused by the court. Edwards objected to the court’s failure to give his written charge, stating his grounds therefor, after the jury retired but before the jury began deliberations. But see Bell v. State, 473 So.2d 622 (Ala.Crim.App.1985).
Edwards’s written requested charge on second-degree assault reads as follows:
“Assault in the Second Degree is a lesser included offense of the crime charged in the indictment.
“A person commits the crime of Assault in the Second Degree if, with intent to cause physical injury to another person, he causes physical injury to any person by means of a deadly weapon or a dangerous instrument.
“A person may also commit the crime of Assault in the Second Degree if, with intent to cause serious physical injury to another person, he causes serious physical injury to any person.
“A person may also commit the crime of Assault in the Second Degree if he recklessly causes physical injury to another person.”
“The court shall not charge the jury with respect to an included offense unless there is a rational basis for a verdict convicting the defendant of the included offense.” § 13A-l-9(b), Code of Alabama 1975.
Edwards contends that the trial court should have given a second degree assault charge pursuant to § 13A-6-21(a)(3), Code *1388 of Alabama 1975, which provides that “[a] person commits the crime of assault in the second degree if ... [h]e recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument....”
In the instant case, the victim, Andre Monique Youell, testified that she was 21 years old and had been a girlfriend of Edwards for the 3-year period prior to August 1990. Youell testified that Edwards is the father of her two-year-old son.
According to Youell, two weeks prior to August 25, 1990, she broke up with Edwards, but he continued to call her repeatedly at work, sometimes making threats to her during the conversations. On August 25, 1990, Youell worked from 4:30 p.m. until 12:30 a.m. at the cafeteria of a bus station, and Edwards telephoned her at work three or four times and came to the station twice. According to Youell, Edwards’s statements were “very insulting, upsetting.”
Darren Miller, a friend of Youell’s, picked Youell up from work and then took her to get her child from a day-care provider. Boone, a friend of Miller’s was also in the car. The four then proceeded to Yo-uell’s residence where she resided with her mother and her son.
According to Youell, as she walked up the walkway to her house with her child in her arms, Edwards ran from behind the house, came up behind her, grabbed her, told her “I told you I’d get you,” and then stabbed her in the side. Youell then fell to the ground, started gasping for air, and lost the feeling in her legs. Youell then saw Edwards walk to Miller’s car and start stabbing at the car window, and she heard Edwards telling Miller that he was “going to get” him next. She then saw Edwards retrieve his bicycle from the bushes near the house and ride off.
Both Miller and Boone testified that they saw Edwards grab the victim and stab her with a knife. Boone also testified that Edwards then tried to get into Miller’s car and that Edwards tried to chase Miller around the car, and that Boone ran across the street to call the police.
Edwards testified that he had a knife with a six- or seven-inch blade on his bicycle, which he kept for protection. According to Edwards, after Miller pulled the car into Youell’s driveway, Youell exited the car with the baby and he began talking to Youell when Miller exited the car with a “stick or club” and came towards him. According to Edwards, he pulled the knife from his bike and motioned to strike Miller, but Youell stepped between them and he stabbed Youell instead. Edwards later admitted that he first approached Miller after Youell exited the car.
It is clear from the testimony of Youell, Miller, and Boone, that Edwards intentionally stabbed Youell with a deadly weapon. Edwards, moreover, testified that he motioned with the knife to stab Miller after Miller came towards him with a stick or club. “[S]elf defense necessarily admits that [the appellant’s] conduct was intentional, not accidental or reckless.” Harper v. State, 534 So.2d 1137, 1139 (Ala.Crim.App.1988).
Because the evidence presented would not support a second degree assault instruction based on recklessness, the trial court did not abuse its discretion in refusing to give Edwards’s written requested charge on second-degree assault.
II.
Edwards contends that the evidence was insufficient to support a conviction for first-degree assault because there was no evidence that he intended to cause serious physical injury to the victim when he stabbed her with a knife. We disagree.
Section § 13A-6-20(a)(l), Code of Alabama 1975, provides: “(a) A person commits the crime of assault in the first degree if: (1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument....”
Section 13A-l-2(9), Code of Alabama 1975, defines “serious physical injury” as follows: “Physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted *1389 loss or impairment of the function of any bodily organ.”
Edwards’s intent to cause serious physical injury can be inferred from Edwards’s manner of lying in wait in the bushes for the victim, placing a knife to her throat and dragging her, stabbing the victim, and attempting to stab the two other men present. Ray v. State, 580 So.2d 103, 105 (Ala.Crim.App.1991); Johnson v. State, 501 So.2d 1277, 1278 (Ala.Crim.App.1986).
“First, the appellant claims the state failed to prove intent. This court in Hollis v. State, 417 So.2d 617 (Ala.Crim.App.1982), held that the criminal intent necessary for assault in the first degree may be inferred from the ‘circumstances of violence and brutality.’ In Hollis, the defendant was found guilty of first degree assault for beating his 81-year-old mother. Likewise, in this cause, the appellant’s intent to harm the victim can be inferred from the injuries she suffered.”
Ray v. State, supra, 580 So.2d at 105.
In the instant case, the testimony of Dr. Lynn Luverne revealed that Youell, as a result of the stabbing, had tremendous blood loss and suffered injuries to her diaphragm, spleen, kidney, and lung, and a permanent infraction of her spinal cord caused by the loss of oxygen to her anteri- or spinal artery.
Edwards’s intent to cause serious physical injury could readily be inferred from the nature of Edwards’s actions and the extent of the victim’s injuries. The jury therefore had sufficient evidence to convict Edwards’s of assault in the first degree.
The foregoing opinion was prepared by the Honorable JAMES H. FAULKNER, a former Alabama Supreme Court Justice, and his opinion is hereby adopted as that of the court.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.