The appellant, Andrew James, Jr., was convicted of first degree assault, a violation of § 13A-6-20, Code of Alabama 1975. The appellant was sentenced to seven years imprisonment, was fined $1,000, and was ordered *Page 60 
to pay restitution in the amount of $5,245.
The appellant contends that there was insufficient evidence to establish the offense of first degree assault under §13A-6-20. Section 13A-6-20 provides:
 "(a) A person commits the crime of assault in the first degree if:
 "(1) with intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument. . . ."
(Emphasis added.)
 I
The appellant contends that the judge erred in not granting his motion for a judgment of acquittal, because, he says, there was insufficient evidence to establish the element of "serious physical injury" as required by § 13A-6-20 because, he says, there was no expert testimony as to the injuries suffered by the victim.
Section 13A-1-2(9), Code of Alabama 1975, defines "serious physical injury" as "[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ."
Although there was no expert testimony concerning the victim's injuries, the victim testified that the appellant hit her in the head with a baseball bat and that the blow rendered her unconscious. The state also presented other testimony by eyewitnesses and a police officer. The witnesses stated that the victim lay unconscious in a pool of blood after the appellant hit her with the bat. The record also showed that the injury to her head required stitches and that the victim stayed in the hospital for four or five days. The victim also testified that she suffered from headaches, could not walk for about a week after the injury, and was unable to return to work for several months.
The case was correctly presented to the jury for it to determine whether the victim suffered "serious physical injury" resulting from the blows inflicted by the appellant.Haslerig v. State, 474 So.2d 196 (Ala.Cr.App. 1985).
The court committed no error in submitting the case to the jury on the charge of assault in the first degree. Pope v.State, 586 So.2d 1003 (Ala.Cr.App. 1991); Thomas v. State,555 So.2d 1183 (Ala.Cr.App. 1989).
 II
The appellant next contends that the "intent" required by § 13A-6-20 was not proven at trial. Specifically, the appellant asserts that the victim was the initial aggressor in the incident resulting in the injury and that the appellant was trying to escape from the victim.
The state's evidence tended to show that on June 4, 1993, the victim went to the appellant's house after a neighbor told here that her daughter and the appellant were fighting. The victim became involved in the argument, and during the argument hit her daughter with a knife, cutting her on the head. The daughter was taken to the hospital; however, the victim and the appellant continued to argue. The record shows that the appellant struck the victim in the head twice with a baseball bat. The first blow caused the victim to fall to the ground. When the appellant hit her the second time, she was already on the ground. There is conflicting testimony as to whether the victim struck the appellant with a "stick" or a baseball bat during the dispute, and whether the appellant was inside or outside the house during the confrontation.
Conflicting evidence presents an issue for the jury not subject to review on appeal, provided the State's evidence, if believed, establishes a prima facie case. Cooper v. State,611 So.2d 460 (Ala.Cr.App. 1992); Jackson v. State, 516 So.2d 726
(Ala.Cr.App. 1985).
In Edwards v. State, 597 So.2d 1386 (Ala.Cr.App. 1992), the court established that the appellant's "intent" to cause serious physical injury could be inferred from the nature of the appellant's actions and the extent of the victim's wounds. The victim in Edwards was stabbed by the appellant, causing loss of blood and other injuries. Likewise, *Page 61 
in this case, the appellant's "intent" to harm the victim could be inferred from the injuries sustained by the victim. After hearing the conflicting testimony, the jury found the appellant guilty of assault in the first degree as charged in the indictment.
The court did not err in determining that there was sufficient evidence to present the case to the jury and from which the jury could find the appellant guilty of assault in the first degree.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.