COBB, Judge.
The appellant, Anthony Edwards, was found guilty of robbery in the first degree, a violation of § 13A-8-41(a)(l), Code of Alabama 1975. He was sentenced, as a habitual offender, to life imprisonment without the possibility of parole. This appeal follows.
I
The appellant challenges the sufficiency of the evidence to support his conviction because, he says, he was convicted based only on the testimony of the victim, Kenneth Reese.
To prove a prima facie case of robbery in the first degree, the State must prove that the appellant “[t]hreaten[ed] the imminent use of force against [Kenneth Reese] with intent to compel acquiescence to the taking of or escaping with the property,” § 13A-8-43(a)(2), “while armed with a deadly weapon,” § 13A-8-41(a)(l). In this case the weapon was a pistol. See § 13A-1-2(11). See also Cook v. State, 582 So.2d 592, 593 (Ala.Crim.App.1991).
The evidence in this case tended to show that on the date of the crime, Mr. Reese was working as a security officer and a night auditor at a motel in Jefferson County. At approximately 12:20 A.M., the appellant knocked on the front door, which was plate glass. Mr. Reese testified that the appellant had come by some weeks earlier and had bought cigarettes from a vending machine in the lobby. Mr. Reese said that he let the appellant in because he recognized him, and the appellant asked Reese for change for the cigarette machine. When Reese turned toward the cash register, the appellant pulled a gun and ordered Reese to put the money from the register into a sack. Reese testified that he saw the appellant for approximately two and one-half to three minutes and that the appellant’s face was not covered. A few days later, Reese picked the appellant’s picture out of a photographic array. At trial, Reese positively identified the appellant as the man who had robbed him at gunpoint.
‘““The victim made a positive and unequivocal in-court identification of the appellant. Therefore, whether the appellant was guilty of robbery was a jury question. Vaughn v. State, 57 Ala.App. 134, 326 So.2d 662 (1976). Testimony of the victim of the alleged robbery which was offered to establish the identity of the defendant as the alleged robber presented a jury question on that issue. Lambert v. State, 55 Ala.App. 669, 318 So.2d 364 (1975).” Baker v. State, 344 So.2d 547, 551 (Ala.Cr.App.1977).’
Walker v. State, 631 So.2d 294, 301 (Ala.Cr.App.1993).”
J.M.V. v. State, 651 So.2d 1087, 1096 (Ala.Crim.App.1994).
The evidence in this case was clearly sufficient to support the appellant’s conviction for robbery in the first degree.
*169 II
The appellant claims that the trial court abused its discretion in not declaring a mistrial because of a “hung jury.” His sole argument is that the trial judge abused his discretion by requiring the jury to continue its deliberations in spite of four messages it sent to the judge stating that it was deadlocked and one message asking for an additional instructions on “reasonable doubt” to help resolve the deadlock. The State argues, in part, that because the appellant did not cite any authority in support of this argument it is waived. He cites Lewis v. State, 518 So.2d 214 (Ala.Crim.App.1987) to support this position. Lewis, however, relies on Vinzant v. State, 462 So.2d 1037 (Ala.Crim.App.1984), which this court no longer follows. See Page v. State, 622 So.2d 441, 445 (Ala.Crim.App.1993); Sturdivant v. State, 643 So.2d 1013, 1015 (Ala.Crim.App.1993). Therefore, this portion of the State’s argument is without merit.
However, the State correctly argues that a trial judge may urge a jury to resume deliberations so long as the judge does not use duress or coercion to compel a verdict. Strickland v. State, 348 So.2d 1105, 1112 (Ala.Crim.App.), cert. denied, 348 So.2d 1113 (Ala.1977); Murry v. State, 455 So.2d 53, 64 (Ala.Crim.App.1983), rev’d on other grounds, 455 So.2d 72 (Ala.1984); Voyles v. State, 596 So.2d 31, 35 (Ala.Crim.App.1991). Indeed, the appellant concedes that there was nothing coercive in the trial judge’s supplemental jury instruction.
This case was submitted to the jury on November 2,1994, at approximately 10:08 A.M. It appears that between 10:08 and the noon lunch recess, the jury sent its first message to the trial judge, indicating that it was “deadlocked” and that the vote was nine to three. After its lunch break, the jury returned to deliberations at 1:15 P.M. and delivered another message at 1:50 P.M., indicating a 10 and 2 “deadlock.” The third message was sent to the judge between 1:50 and the evening recess at 3:28 and it also indicated a 10 and 2 split. The fourth message requested that the jury be allowed to recess for the day; and the trial judge complied and recessed the jury at 3:28. The record reveals no response by the trial judge to these messages. The next morning, the jury began deliberations at 9:15 A.M. and at 10:13 A.M. sent a fifth message, indicating a continuing 10 and 2 split and stating that the difference of opinion was based on how to interpret the phrase “reasonable doubt.” The trial judge addressed the jurors, encouraging them to reach a verdict, reinstructing them on reasonable doubt, and giving an additional instruction in answer to another juror’s question. The jury resumed deliberations at 10:44 P.M. and returned with a guilty verdict in less than 30 minutes.
The rough chronological reconstruction of events, set out above, shows that while the jurors were apparently split, they did not ask for additional instructions until the last message sent to the judge on the morning of November 3. The speed with which a verdict was returned after the rein-struction on reasonable doubt certainly indicates that perhaps the jurors earlier had difficulty determining the source of their “deadlock.” Once that issue was clarified, the jurors were able to conclude deliberations.
“The duration of jury deliberations is a matter vested entirely within the discretion of the trial court. See Lake v. State, 390 So.2d 1088 (Ala.Cr.App.1980), cert. denied, 390 So.2d 1093 (Ala.1980), cert. denied, 450 U.S. 1004, 101 S.Ct. 1715, 68 L.Ed.2d 207 (1981); Martin v. State, 29 Ala.App. 395, 196 So. 753 (1940). The record supports no finding of an abuse of discretion here.”
Hollis v. State, 417 So.2d 617, 620 (Ala.Crim.App.1982).
The judgment of the trial court is affirmed.
AFFIRMED.
All the Judges concur.