■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEROY GREENE, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Cacciabaudo, J.), rendered July 7, 1983, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

Defendant's guilt of assault in the second degree was proven beyond a reasonable doubt. The evidence adduced at trial established that defendant grabbed Darryl Ponder and cut the latter's neck and arm with a knife. Ponders' neck wound required 120 stitches and resulted in a keloid scar on the right side of his neck starting from the right center of the back of his head to approximately 1½ inches from his Adam's apple. The second wound, to Ponder's arm, required 12 to 15 stitches. Due to the extent of his injuries, Ponder was under the care of a medical specialist for 3 to 4 weeks after the incident and visited him twice a week

during that period. Thus, contrary to defendant's position on appeal, the evidence clearly established that Ponder sustained "serious physical injury" (Penal Law § 120.05 [1]) as a result of defendant's actions. In addition, defendant's challenge to the trial testimony concerning the issues of intent and identity involve questions of fact and credibility which are matters for the trier of fact to resolve. Based on the record before us, we cannot conclude that the jury's decision was against the weight of the evidence (*People v Bigelow,* 106 AD2d 448; *People v Cook,* 99 AD2d 552, 553).

Defendant's argument that the trial court committed reversible error in refusing to charge assault in the third degree as a lesser included offense, is without merit. An offense of a lesser grade or degree is a lesser included offense where examination of the statutes defining the two crimes in the abstract reveals that it is impossible to commit the greater crime without concomitantly, by the same conduct, committing the lesser offense (CPL 1.20 [37]; *People v Glover,* 57 NY2d 61). Once established that the crime is a lesser included offense, the court must submit the offense to the jury if there is a reasonable view of the evidence which would support a finding that the defendant committed the lesser but not the greater offense (CPL 300.50; *People v Glover, supra*). Count one of the indictment, of which defendant was convicted, charged him with intentionally causing serious physical injury to Ponder (Penal Law § 120.05 [1]). The Penal Law provides, *inter alia,* that a person is guilty of third degree assault when he intentionally causes physical injury to another (Penal Law § 120.00 [1]). According to the aforesaid statutory definitions it is impossible to commit second degree assault without concomitantly committing third degree assault. The essential difference between the two crimes involves the degree of injury to the victim. However, we cannot agree with defendant that a reasonable view of the evidence would support a finding that Ponder sustained "physical injury" (Penal Law § 120.00 [1]) which requires a showing of an "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]) but not "serious physical injury" (Penal Law § 120.05 [1]) which requires a showing of "a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ" (Penal Law § 10.00 [10]). As stated previously, Ponder sustained two wounds, one of which required 120 stitches and resulted in a substantial keloid scar on his neck. These injuries clearly constitute a "serious and protracted disfigurement" (Penal Law § 10.00 [10]) and not merely an "impairment of physical condition or substantial

pain" (Penal Law § 10.00 [9]). Accordingly, the court properly denied defendant's request to charge this crime of assault in the third degree as a lesser included offense.

We have reviewed defendant's remaining contentions and find them to be without merit. Titone, J. P., Lazer, Thompson and Eiber, JJ., concur.