William Pope was convicted of assault in the first degree and was sentenced to life imprisonment as a habitual felony offender. He raises three issues on this appeal from that conviction.
 I.
The appellant alleges that he was denied due process due to the admission into evidence of: a) a highly incriminating statement and b) photographs of the victim's wounds. The appellant admits that these alleged "defects . . . by themselves, may not constitute reversible error."
The appellant's statement was voluntary and was properly admitted into evidence despite the fact that the statement contained the appellant's admission that the victim's little girl was sitting on the victim's lap when the appellant first began assaulting the victim. "As a general rule, it is permissible to show all that transpired at the time of the difficulty as constituting part of the res gestae." Cook v.State, 269 Ala. 646, 656, 115 So.2d 101, 108 (1959). The term "res gestae." "embraces all facts which are relevant, explanatory, or illustrative of, or which give character to, or illustrate the character of, or which characterize the act or principal fact which was the subject of or for decision. . . . It also embraces all facts which are contemporaneous with such main fact or which constitute a part of the transaction and was spontaneous." Sexton v. State, 239 Ala. 287, 288, 196 So. 744,745 (1940). In a prosecution for assault, it is "competent to show what was done and said by those present during the commission of the assault, both as directly going to the character of the assault and as part of the res gestae." Wrayv. State, 2 Ala. App. 139, 142, 57 So. 144, 145 (1911). The presence of the young child in the victim's lap at the time of the assault was admissible as part of the res gestae of the offense and was also admissible to rebut the defense of self-defense.
The appellant's argument that his statement should not have been admitted into evidence because it was only an admission to the "cutting" but not to the crime of assault is obviously without merit. A statement containing an incriminating fact is not due to be excluded because it is coupled with a denial of guilt. C. Gamble, McElroy's Alabama Evidence § 200.02(4)(f) (4th ed. 1991), and cases cited therein.
The photographs of the victim's wounds were properly authenticated and were properly admitted into evidence.McElroy's at § 123.03(1), § 123.03(3), and § 207.01(2). "A photograph is admissible when properly authenticated — when a witness testifies that the picture as exhibited accurately reproduces objects or actions which he observed. . . . Consequently, it is not necessary to produce the photographer or other person present who saw the location of the camera where this is reasonably apparent from the photographs." Elmore *Page 1005 v. State, 414 So.2d 175, 176 (Ala.Cr.App. 1982). "[P]hotographs depicting the character and location of wounds on a [victim's] body are admissible even though they are cumulative and are based on undisputed matters." Ex parte Bankhead, 585 So.2d 112,118 (Ala. 1991).
 II.
Contrary to the allegations of the appellant, he was given proper notice at a reasonable time prior to sentencing of the convictions on which the State intended to rely in seeking to enhance the appellant's sentence as a habitual felony offender. Each conviction was properly proven. The appellant's allegations either are simply not supported by or are directly refuted by the record.
 III
The appellant asserts that the State failed to prove the existence of serious physical injury and, therefore, his motion for judgment of acquittal should have been granted. However, the evidence shows that the appellant cut the victim with a "box cutter." The victim testified that the appellant "cut me on my side from just about my navel cord all the way around to the center of my back. Cut me in my chest, cut me on my left leg, on the top of my . . . left thigh, and on the back side." The victim's shirt was "full of blood." The victim was hospitalized for three days and was unable to work for about one and one-half months. "Staples" had to be used to hold some of the wounds together because the stitches kept "pulling through." This testimony and the victim's exhibition of his scars to the jury were sufficient to present a jury question on the issue of the existence of serious physical injury. Thomas v. State, 555 So.2d 1183 (Ala.Cr.App. 1989).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.