■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD WADE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Lipp, J.), rendered June 11, 1990, convicting him of assault in the first degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove that he intended to and did, in fact, cause serious permanent disfigurement to the victim. The defendant's motion to dismiss owing to a lack of legally sufficient evidence was not specific enough to preserve the issue of his intent or whether he caused serious and permanent disfigurement. In any event, viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the conviction. The People proved that the defendant intended to, and did, in fact, cut the victim's face with a razor, requiring stitches across his face from his ear to his mouth, and leaving a scar which was visible eight months after the incident took place. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]). Furthermore, the sentencing court did not improvidently exercise its discretion in denying the defendant's application for youthful offender treatment, and the sentence imposed was not excessive. Sullivan, J. P., Rosenblatt, Miller and Ritter, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALSH, Appellant.—Appeals by the defendant from seven judgments of the Supreme Court, Queens County (Sherman, J.), all rendered January 11, 1990, convicting him of criminal possession of a weapon in the third degree under Indictment No. 6458/88, and robbery in the first degree under Indictment Nos. 6476/88, 6713/88, 6714/88, 51/89, 1711/89, and 1712/89 (one count under each indictment), upon his pleas of guilty, and imposing sentences.

Ordered that the judgments are affirmed.

Appellate review of the issues raised by the defendant was effectively waived by him as part of his plea bargain. Accordingly, the judgments of conviction are affirmed (see, People v Callahan, 80 NY2d 273; People v Seaberg, 74 NY2d 1). Bracken, J. P., Lawrence, Miller, Copertino and Santucci, JJ., concur.