# STATE OF CONNECTICUT *v.* MARCO NIVAL
## (15336)

O'Connell, Lavery and Heiman, Js.

Argued May 31—officially released July 23, 1996

*Bruce A. Sturman*, public defender, with whom was *Bernard Steadman*, special public defender, for the appellant (defendant).

*Peter A. McShane*, assistant state's attorney, with whom, on the brief, was *Kevin T. Kane*, state's attorney, for the appellee (state).

O'CONNELL, J. The defendant appeals from the judgment of conviction, rendered after a jury trial, of assault in the first degree in violation of General Statutes § 53a-59 (a) (4).[1] The defendant claims that the trial court improperly denied his motion for judgment of acquittal made at the close of all the evidence because the state

---

[1] General Statutes § 53a-59 (a) provides in pertinent part: "A person is guilty of assault in the first degree when . . . (4) with intent to cause serious physical injury to another person and while aided by two or more other persons actually present, he causes such injury to such person or to a third person . . . ."

did not present sufficient evidence that the victim suffered serious physical injury.[2] We affirm the judgment of the trial court.

The record discloses the following facts and procedural history. On the night of September 16, 1994, the victim, Kathleen White, while hitchhiking, received a ride from Daron Viccione. They drove to an area where White had previously purchased crack cocaine. Viccione parked his car while White exited and approached three males, one of whom was the defendant. When White attempted to purchase crack cocaine, the three men asked her to step around the corner. White followed the men around the corner, where they surrounded her and proceeded to beat and kick her until she lay unconscious. When White regained consciousness, she found help and was transported by ambulance to a hospital where she was treated for her injuries. In addition to other injuries, White sustained a one-half inch permanent scar on her lip.

At the close of all the evidence, the defendant made a motion for a judgment of acquittal on the ground that the evidence of serious physical injury was insufficient to support a conviction of assault in the first degree. The court denied his motion.

A motion for judgment of acquittal must be granted if the evidence would not reasonably permit a guilty finding. Practice Book § 883.[3] In ruling on a motion for

[2] General Statutes § 53a-3 (4) defines serious physical injury as "physical injury which creates a substantial risk of death, or which causes serious disfigurement, serious impairment of health or serious loss or impairment of the function of any bodily organ . . . ."

[3] The pertinent part of Practice Book § 883 provides: "After the close of the prosecution's case in chief or at the close of all the evidence, upon motion of the defendant . . . the judicial authority shall order the entry of a judgment of acquittal as to any principal offense charged . . . for which the evidence would not reasonably permit a finding of guilty. . . ."

judgment of acquittal, the trial court must determine whether a rational trier of fact could find the crime proven beyond a reasonable doubt. *State* v. *Delarosa*, 16 Conn. App. 18, 33, 547 A.2d 47 (1988).

The state claims to have proven its case under § 53a-3 (4), which defines serious physical injury as physical injury that causes serious disfigurement.[4] Whether the physical injury sustained by White was serious was a question of fact for the jury, assuming sufficient evidence was introduced. *State* v. *Almeda*, 211 Conn. 441, 450, 560 A.2d 389 (1989). No bright line exists between physical injury and serious physical injury, and the trial court could not have determined as a matter of law that the jury could not reasonably find that White suffered serious physical injury. Id., 451.

The jury heard evidence of White's beating, wounds, and treatment, and observed the facial scar. White's doctor testified that she would be permanently scarred. Accordingly, the trial court properly determined that the jury could reasonably find that the evidence of the one-half inch facial scar constituted serious physical injury.

The trial court properly denied the defendant's motion for judgment of acquittal.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[4] Unconsciousness has been held to constitute serious physical injury. *State* v. *Rumore*, 28 Conn. App. 402, 414–15, 613 A.2d 1328, cert. denied, 224 Conn. 906, 615 A.2d 1049 (1992). The state in this case, however, relied solely on the serious disfigurement element of the definition provided in § 53a-3 (4) at trial.