On Return to Remand

McMILLAN, Judge.
This cause was remanded to the trial court with instructions to enter an order stating with particularity the court’s reasons for denying William Pope’s Rule 32, Ala. R.Cr.P., 682 So.2d 486 (Ala.Crim.App.1996).
The trial court, in compliance with this court’s instruction, issued the following order:
“There were two issues raised by the defendant at his Rule 32 hearing:
“(1) Denial of effective assistance of counsel.
“A. Failed to object to charge on reasonable doubt.
“B. Failed to object to submission of three prior felonies by the State at sentencing hearing.
“(2) The sentence imposed by the court exceeded the maximum authorized by law or is not otherwise allowed by law.
“In regard to Issue No. 1, the court has reviewed the transcript of the trial of the defendant, who was tried by the Honorable Bill Sullivan, retired, and finds as follows:
“(1) Counsel for the defendant filed several pretrial and post trial motions:
“A. motion in limine.
“B. motion to limit State’s witnesses.
*488 C. motion for bond reduction, which was heard by the judge.
“D. motion for new trial.
“E. motion to invoke rule to sequester the witnesses.
“F. motion for judgment of acquittal. “(2) That during the trial, the counsel filed 10 requested jury charges and the court granted 5 of these charges.
“(3) That this trial judge has reviewed the transcript of this trial which is more than 120 pages. That the counsel for defendant thoroughly and completely cross-examined all of the witnesses for the State. That he did, on numerous occasions, object to questions by the State. Some were sustained and some were overruled. That the counsel for defendant supported his defense of self-defense by his cross-examination and further by calling a witness in addition to the defendant to buoy this defense. That the defendant testified on his behalf and counsel for defendant elicited testimony from the defendant that would have supported a not guilty verdict if the jury believed the testimony.
“(4) That the court has reviewed Judge Sullivan’s charge at the close of this case relative to reasonable doubt and this court finds this charge to meet constitutional muster and further, a charge which the Court of Criminal Appeals has sustained on more than one occasion.
“(5) That the counsel failed to object to submission of three prior felonies by the State at sentence hearing is without merit. Counsel did object to all of this submission and proper proof supported these three prior felonies as submitted at the sentencing hearing. In fact, the Court of Appeals in its opinion CR-90-703, William Pope v. State, addresses this issue by saying ‘... he was given proper notice at a reasonable time prior to sentencing of the convictions on which the State intended to rely in seeking to enhance the appellant’s sentence as a habitual offender. Each conviction was properly proven.... ’
“As to Issue Number 2, the court finds that the defendant was convicted of a Class B felony on 10/16/90, namely: Assault in the first degree. With proof of three prior felonies, Judge Sullivan sentence the defendant to life in prison, which is the mandatory jail sentence as required by the habitual offender law. Therefore, the court finds this issue to be without merit since the sentence as imposed was as required by law.”
Because it is evident from the record that Pope’s trial counsel met the standards enunciated in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), for the effective assistance of counsel, the trial court was correct in denying the Rule 32, Ala.R.Cr.P., petition. Additionally, based upon the record before us, we conclude that the appellant’s sentence was legally correct. Thus, his argument on this ground must fail. See Pope v. State, 586 So.2d 1003 (Ala.Cr.App.1991).
The judgment of the trial court is affirmed.
AFFIRMED.
All judges concur.