■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRADLEY S. QUESNEL, Appellant. [656 NYS2d 772] —Carpinello, J. Appeal from a judgment of the County Court of Essex County (Lomanto, J.), rendered February 23, 1995, upon a verdict convicting defendant of the crimes of burglary in the first degree (two counts), assault in the first degree (two counts) and assault in the second degree (three counts).

In the early morning hours of June 28, 1994, Gail Feliciano (hereinafter the victim) was sleeping in her bed when she was suddenly awakened by an intruder beating her on the head with a brick. When she attempted to get away from the intruder by crawling out of bed, he grabbed her, pulled her back and repeatedly struck her on the head. The struggle continued during which the victim pulled the intruder's hair—which she noted felt kinky—and gouged his face and neck with her fingernails in an effort to escape. Although dark, the victim was finally able to recognize defendant—the nephew of her former husband—as the intruder. When the victim began screaming for her husband, defendant fled.

As a result of the incident, the victim suffered from, among

other injuries, a head laceration requiring sutures, a broken hand and bruises on her shoulders, upper arms, left leg and feet. Additionally, personal items were discovered missing from her home. Indicted on two counts of burglary in the first degree, two counts of assault in the first degree and three counts of assault in the second degree as a result of this incident and found guilty as charged following a jury trial, defendant appeals.

We affirm. Defendant contends that he is entitled to a new trial because County Court failed to ascertain whether the People served him with a timely CPL 710.30 notice of an oral statement he made to a police officer after being arrested on June 28, 1994 for a parole violation. Having participated in a *Huntley* hearing concerning the admissibility of this statement conducted during the trial, but before the police officer's testimony, any failure by the People to serve a notice pursuant to CPL 710.30 has been statutorily excused (*see*, CPL 710.30 [3]; *People v Lopez*, 84 NY2d 425, 428). Accordingly, defendant's argument in this regard is unavailing.

During the redirect examination of the victim, in response to questioning during cross-examination, it was revealed that the victim identified defendant in a photographic array a few days after the incident. On appeal, defendant urges that he is entitled to a new trial because no CPL 710.30 notice was served concerning the victim's pretrial identification of defendant and because no *Wade* hearing was conducted. Where participants to an incident are known to each other, as here, any pretrial photographic identification by the victim is not an identification within the meaning of CPL 710.30 and, therefore, no prior notice of such identification need be given nor a *Wade* hearing conducted (*see*, *People v Tas*, 51 NY2d 915, 916; *People v Gissendanner*, 48 NY2d 543, 552; *People v Cherny*, 179 AD2d 938, 939, *lv denied* 79 NY2d 998). In light of the evidence that defendant and the victim knew each other (they were once related by marriage and resided near each other), we reject defendant's contention that he is entitled to a new trial.

Also unavailing is defendant's contention that County Court abused its discretion in its *Sandoval* ruling (*see*, *People v Sandoval*, 34 NY2d 371), which permitted limited inquiry by the prosecution into defendant's 1983 burglary conviction, 1989 and 1991 criminal possession of stolen property convictions, 1992 guilty plea to a felony and his subsequent parole violation. Notably, the People were prohibited from inquiring into the underlying facts of these prior convictions and were totally precluded from inquiry into several other convictions, charges

and bad acts of defendant. It is well settled that the nature and extent of cross-examination lies within the sound discretion of the trial court (see, id., at 374-375). It is equally well settled that "[e]vidence of prior criminal conduct should be admitted if the nature thereof bears logically and reasonably on the issue of credibility and particularly so if it reveals a willingness or disposition of defendant to place [his] own self-interest over that of society" (People v Lynch, 209 AD2d 827, lv denied 84 NY2d 1034). Because defendant's prior convictions and parole violation bear directly on his credibility and reveal his willingness to place his personal interest above that of society, we discern no abuse of discretion in County Court's Sandoval compromise.

The evidence is also legally sufficient to support each conviction. Contrary to defendant's contention, when viewed in the light most favorable to the People (see, People v Thompson, 72 NY2d 410, 413), the evidence—particularly the victim's testimony detailing her injuries—supports the jury's determination that she suffered a "serious physical injury" (Penal Law § 10.00 [10]).

We have also examined defendant's contention that he was deprived of the effective assistance of counsel and find it to be without merit. Viewed in totality, our review of the record reveals that defendant's counsel provided meaningful representation (see, People v Flores, 84 NY2d 184, 187). Counsel actively participated in the proceedings and went to great lengths to advance the defense of misidentification. Consistent with this defense theory, she made persuasive opening and closing remarks, cross-examined all witnesses, called witnesses on behalf of defendant and made appropriate pretrial motions and objections throughout the entire trial (see, People v Linderberry, 215 AD2d 867, 870, lv denied 86 NY2d 844).

Defendant's remaining contentions have been considered and rejected as unpreserved for appellate review or lacking in merit.

Cardona, P. J., Mercure, Casey and Spain, JJ., concur. Ordered that the judgment is affirmed.