■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS MARTINEZ, Appellant. [684 NYS2d 578] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Orgera, J.), rendered January 16, 1997, convicting him of assault in the first degree (two counts), assault in the second degree, and criminal mischief in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contentions, the evidence is legally sufficient to support his convictions of assault in the first degree under Penal Law § 120.10 (1) and (2). The evidence showed that the defendant beat the victim with an automobile security device known as "the Club", causing a broken arm, a broken cheekbone, a deviated septum, and severe lacerations of the face requiring stitches, with resulting nerve damage and loss of sensation of the lip. Thus, the People proved serious physical injury sufficient to support the defendant's conviction under the first count of assault in the first degree (*see, People v Quesnel,* 238 AD2d 725). In addition, the evidence established that the lacerations which healed into facial "marks", including a gash inside the victim's mouth, were visible to the jury nine months after the incident and described by the victim's plastic surgeon as "permanent". Thus, the People proved serious and permanent disfigurement sufficient to support the defendant's conviction under the second count of assault in the first degree (*see, People v Wade,* 187 AD2d 687). Sullivan, J. P., Krausman, Goldstein and Luciano, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAYMOND NIEVES, Also Known as RAMON VENUTI, Appellant. [682 NYS2d 635] —Appeal by the defendant from a judgment of the County Court, Orange County (Berry, J.), rendered September 26, 1997, convicting him of burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

We have reviewed the record and agree with the defendant's assigned counsel that there are no nonfrivolous issues which could be raised on appeal. Counsel's application for leave to withdraw as counsel is granted (*see, Anders v California,* 386 US 738; *People v Paige,* 54 AD2d 631; *cf., People v Gonzalez,* 47 NY2d 606). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.