COBB, Judge.
Robert Lee Hunter was indicted for and convicted of assault in the first degree, a violation of § 13A-6-20, Ala.Code 1975. The trial court sentenced Hunter to 10 years in prison, but split the sentence and ordered him to serve 6 months in jail, to be followed by 3 months of probation. This appeal followed.
The evidence at trial tended to show the following: During an argument over a card game, Hunter pulled out a knife and cut the victim, Jimmy Morris, across the face from his eye toward his mouth. Morris was taken to the hospital; he was anesthetized and a plastic surgeon treated the wound. Morris was released from the hospital after four or five hours.
Morris testified that, after his initial surgery, Morris “had to repeat it again in about a month, a month and a half everyday.” [1] (R. 87.) The last time he saw his doctor was three months before trial. Morris testified that the doctor was considering performing another surgery on Morris’s face. The doctor wanted to cut the scar again to see if he could make some of the tissue less remarkable, but he wanted to allow more time for the wound to heal because it was so close to Morris’s eye. Morris exhibited his scar to the jury.
On appeal, Hunter contends that the evidence was insufficient to sustain his conviction for first-degree assault. Specifically, he argues that the State failed to prove that Morris suffered a “serious physical injury,” a necessary element of first-degree assault. Hunter preserved this issue through his motion for a judgment of acquittal.
“ ‘ “In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985). ‘ “The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the *1179 prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992).’ “When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.” ’ Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990). ‘The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.’ Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).”
Moss v. State, 834 So.2d 135 (Ala.Crim.App.2002). Section 13A-6-20, Ala.Code 1975, provides, in pertinent part:
“(a) A person commits the crime- of assault in the first degree if:
“(1) With intent to cause serious physical injury to another person, he causes serious physical injury to any person by means of a deadly weapon or a dangerous instrument.”
“Serious physical injury” is defined as “[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(14), Ala.Code 1975.
Here, we focus on the “serious and protracted disfigurement” element of the statute. “Disfigurement” is defined as “[a]n impairment or injury to the appearance of a person or thing.” Black’s Law Dictionary 480 (7th ed.1999). “Protracted” is defined as “prolonged] in time or space.” Merriam-Webster’s Collegiate Dictionary (10th ed.1999). The victim was left with a long wound resulting in an elevated scar in a prominent position on his face. Clearly, the victim in this ease was disfigured. The issue then becomes whether the evidence was sufficient to prove that Morris’s disfigurement was a “serious and protracted disfigurement.”
Most Alabama cases discussing “serious physical injury” concern “physical injury which creates a substantial risk of death, or .:. protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” Thus, there is little guidance in Alabama caselaw concerning what constitutes a serious and protracted disfigurement. Some cases discussing serious and protracted disfigurement also discuss the substantial risk of death or protracted impairment of health. See Lee v. State, 727 So.2d 887 (Ala.Crim.App.1998)(in which this Court implied that the mere presence of a scar resulting from a gunshot wound will not elevate “physical injury” to “serious physical injury”). Other cases do not indicate which part of the statute is implicated. See Pope v. State, 586 So.2d 1003 (Ala.Crim.App.1991)(hold-ing that testimony that the victim was hospitalized for three days and was unable to work for one and one-half months and that staples had to be used to hold wound together, along with victim’s exhibition of his scars to the jury, was sufficient to present a jury question on the issue of the existence of serious physical injury).
Other jurisdictions whose definition of serious physical injury, like Alabama’s, in-elude a serious and protracted disfigurement have found a scar sufficient to constitute serious physical injury. See State v. Nival, 42 Conn.App. 307, 678 A.2d 1008 (1996)(where jury observed the victim’s one-half-inch facial scar and evidence was presented that the scar was permanent there was sufficient evidence to create jury question as to whether the victim had suffered a serious physical injury); State v. *1180 Anderson, 370 N.W.2d 708 (Minn.Ct.App.1985)(a long scar present two and one-half years after the injury was a serious permanent disfigurement); State v. Bledsoe, 920 S.W.2d 538 (Mo.Ct.App.1996)(a one- and-one-half-inch cut on the victim’s chin leading to scarring, a one-and-one-half-inch scar on lower lip, and a sear between her eyes constituted serious disfigurements); State v. Pettis, 748 S.W.2d 793 (Mo.Ct.App.1988)(holding that serious physical injury as applied to first-degree assault would include a four-inch permanent scar as a result of a knife wound); People v. Wade, 187 A.D.2d 687, 590 N.Y.S.2d 245 (1992)(a scar that was visible eight months after victim’s face was cut with a razor from ear to mouth was serious permanent disfigurement); People v. Greene, 488 N.Y.S.2d 812, 111 A.D.2d 183 (1985)(serious physical injury includes a knife wound on the victim’s neck that required 120 stitches to close and that resulted in a substantial keloid scar).
Morris’s testimony at trial revealed that more than nine months had passed from the time he sustained his injury. The photographic evidence contained in the record indicated that any scar resulting from the injury would likely be very pronounced. Here, sufficient evidence was presented to create a jury question as to whether the victim had suffered a serious physical injury. Therefore, the trial court did not err in denying Hunter’s motion for a judgment of acquittal.
Based on the foregoing, Hunter’s conviction for assault in the first degree is affirmed.
AFFIRMED.
McMILLAN, P.J., and BASCHAB, SHAW, and WISE, JJ., concur.

. A review of the entire record does not disclose the meaning of this statement. However, based on all the testimony, it appears that his wound required frequent attention from the treating physician.