■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVIN MCLAUGHLIN, Appellant. [780 NYS2d 119]—

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 22, 2002, convicting defendant, after a jury trial, of assault in the first and second degrees, and sentencing him to concurrent terms of 7 years and 5 years, respectively, unanimously affirmed.

The court properly denied defendant's suppression motion. Defendant is not entitled to suppression on the ground that the lineup should have been conducted in sequential fashion, as the attorney attending the lineup had requested. We know of no authority for the proposition that failure to employ a sequential procedure may be a basis for suppression of a lineup (*see Matter of Thomas*, 189 Misc 2d 487, 490-491 [2001]). Under existing authority, the only issue is whether the subject lineup was unduly suggestive, and the record establishes that it met constitutional standards (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The record does not support defendant's contention that comments made by an officer to one of the witnesses who viewed the lineup coerced her into making an identification. Instead, the record reveals that the officer simply responded to the witness's procedural questions and properly instructed her to make an identification only if she was positive that the person she selected was the assailant.

Viewing the evidence in a light most favorable to the People (*People v Contes*, 60 NY2d 620 [1983]), we conclude that it was legally sufficient to establish that defendant, "[w]ith intent to disfigure another person seriously and permanently," caused such injury (Penal Law § 120.10 [2]) by repeatedly punching and kicking the victim, causing, among other things, a permanent and noticeable change in the shape of his face (*see People v Martinez*, 257 AD2d 667 [1999], *lv denied* 93 NY2d 974 [1999]; *see also People v Crawford*, 200 AD2d 683 [1994], *lv denied* 83 NY2d 870 [1994]).

We perceive no basis for reducing the sentence. Concur—Buckley, P.J., Tom, Saxe, Sullivan and Friedman, JJ.