BASCHAB, Judge.
The appellant, Jennie Whorton Hemrick, pled guilty to the first-degree assault of Joni Smith, a violation of § 13A-6-20(a)(5), Ala.Code 1975; the second-degree assault of Joni Smith, a violation of § 13A-6-21(a)(3), Ala.Code 1975; the third-degree assault of Emily Smith, a violation of § 13A-6-22(a)(2), Ala.Code 1975; and the third-degree assault of Hayden Williams, a violation of § 13A-6-22(a)(2), Ala.Code 1975. The trial court sentenced her to serve a term of fifteen years in prison on the first-degree assault conviction, but split the sentence and ordered her to serve three years. It also ordered her to serve a term of ten years in prison on the second-degree assault conviction, but split the sentence and ordered her to serve two years. Finally, it ordered her to serve concurrent terms of twelve months in the Etowah County Detention Center on each of the third-degree assault convictions. The trial court ordered her to serve all of the sentences concurrently. The appellant filed motions to withdraw her guilty pleas, which the trial court summarily denied. This appeal followed.
I.
The appellant argues that Count One of the indictment against her was void. Specifically, she contends that Count One of the indictment did not charge her with first-degree assault pursuant to § 13A-6-20(a)(5), Ala.Code 1975, because it alleged that the victim sustained a “serious physical injury” rather than a “serious bodily injury.”
Count One of the indictment alleged that the appellant
“did drive a motor vehicle while under the influence of alcohol or a controlled substance, or any combination thereof, in violation of Title 32, 32-5A-191, Code of Alabama 1975, and did cause serious physical injury to another person, to-wit: Joni Smith, with a motor vehicle, in violation of Title 13A, § 13A-6-20, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.”
(C.R. 17.)
“A person commits the crime of assault in the first degree if:
[[Image here]]
“(5) While driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 he causes serious bodily injury to the pekson of another with a motor vehicle.”
§ 13A-6-20(a), Ala.Code 1975.
“ ‘ “If the indictment is framed under a statute which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense.” ’ Barbee v. State, 417 So.2d 611, 612-13 (Ala.Cr.App.1982); Tinsley v. State, 485 So.2d 1249, 1251 (Ala.Cr.App.1986). If the intent is a statutory constituent, not only the acts which constitute the of *969 fense, but the intent with which they are committed must also be alleged. Barbee, 417 So.2d at 613. ‘[A] reference in an indictment to the statute defining the offense cannot be considered for the purpose of supplying an allegation of criminal intent which is an essential element of the offense and has been omitted from the indictment.’ Barbee, 417 So.2d at 614. The indictment in this case omits an essential statutory element of the offense charged and it is, therefore, void.
“‘... An indictment must contain the elements of the offense charged, and also sufficiently apprise the appellant of what he must be prepared to meet.’ Hardy v. State, 409 So.2d 996, 1001 (Ala.Cr.App.1982).
“See Edwards v. State, 379 So.2d 336, 338 (Ala.Cr.App.1979), cert. denied, Ex parte Edwards, 379 So.2d 339 (Ala.1980).”
Felder v. State, 512 So.2d 817, 818 (Ala.Crim.App.1987).
The term “serious physical injury” is the equivalent of the term “serious bodily injury.” “Serious physical injury” is defined as a “[pjhysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(14), Ala. Code 1975. Further, although Title 13A does not define the term “serious bodily injury,” § 26-18-7(a)(7)c., Ala.Code 1975, defines “serious bodily injury” as “bodily injury which involves substantial risk of death, extreme physical pain, protracted and obvious disfigurement, or protracted loss or impairment of the function of a bodily member, organ, or mental faculty.” Therefore, Count One of the indictment adequately alleged the .elements of the offense in terms of equivalent meaning to the terms included in the statute, and it adequately apprised the appellant of the charge against her. Accordingly, the indictment was not void, and the appellant’s argument is without merit.
II.
The appellant also argues that her convictions for first-degree assault and second-degree assault violate double jeopardy principles. Specifically, she contends that both convictions “result[ed] from the same conduct causing the same injuries to the same person with the same instrumentality at the same time.” (Appellant’s brief at p. 20.)
“A person commits the crime of assault in the first degree if:
[[Image here]]
“(5) While driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle.”
§ 13A-6-20(a), Ala.Code 1975.
“A person commits the crime of assault in the second degree if the person does any of the following:
[[Image here]]
“(3) He or she recklessly causes serious physical injury to another person by means of a deadly weapon or a dangerous instrument.”
§ 13A-6-21(a), Ala.Code 1975.
.Depending upon the facts of the specific case, second-degree assault pursuant to § 13A-6-21(a)(3), Ala.Code 1975, may be a lesser included offense of first-degree assault pursuant to § 13A-6-20(a)(5), Ala.Code 1975. See Powell v. State, 576 So.2d 1285 (Ala.Crim.App.1991).
“A defendant cannot be convicted of both a greater offense and a lesser- *970 included offense based on the same set of facts. Simmons v. State, 797 So.2d 1134 (Ala.Crim.App.2000), cert. denied, 797 So.2d 1186 (Ala.), cert. denied, 534 U.S. 932, 122 S.Ct. 298 (2001).”
Turner v. State, 924 So.2d 737, 780 (Ala.Crim.App.2002).
In this case, Count One of the indictment against the appellant alleged that she
“did drive a motor vehicle while under the influence of alcohol or a controlled substance, or any combination thereof, in violation of Title 32, 32-5A-191, Code of Alabama 1975, and did cause serious physical injury to another person, to-wit: Joni Smith, with a motor vehicle, in violation of Title 13A, § 13A-6-20, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.”
(C.R. 17.) Count Two of the Indictment alleged that the appellant
“did recklessly cause serious physical injury to another person, to-wit: Joni Smith, by means of a deadly weapon or dangerous instrument, to-wit: a motor vehicle, in violation of Title 13A, § 13A-6-21, Code of Alabama 1975, contrary to law and against the peace and dignity of the State of Alabama.”
(C.R. 17.) The record before us does not include the specific facts regarding the conduct that formed the basis for the first- and second-degree assault convictions. However, both Counts One and Two of the indictment involved the same victim and alleged that a motor vehicle was involved. Therefore, it appears that the appellant’s double jeopardy claim could be meritorious. Accordingly, we remand this case to the trial court for that court to make specific, written findings of fact concerning that claim. On remand, the trial court may require the State to respond specifically to the appellant’s contention and/or may conduct an evidentiary hearing. If the trial court determines that the first-degree assault conviction and the second-degree assault conviction arose from the same conduct, then it shall set aside the appellant’s conviction and sentence for second-degree assault.
Finally, the record indicates that, although the trial court split the appellant’s sentences for first- and second-degree assault, it did not impose terms of probation to follow the periods of confinement in each case.
“The plain language of [§ 15-18-8, Ala. Code 1975,] indicates that a trial court can split a sentence only if the defendant is placed on probation for a definite period following the confinement portion of the split sentence. Indeed, this Court has recognized that ‘[application of § 15-18-8 necessitates suspension of that portion of the split sentence that is not actual confinement and placement of the convicted defendant on probation .... ’ Hughes v. State, 518 So.2d 890, 891 (Ala.Crim.App.1987). In addition, ‘in view of the history and text of Amendment 38 [of the Alabama Constitution of 1901, from which a trial court’s power to suspend a sentence stems,] the power to suspend a sentence ... can only be exercised when coupled with an order for probation.’ Holman v. State, 43 Ala.App. 509, 513, 193 So.2d 770, 773 (1966)(emphasis added).”
Madden v. State, 864 So.2d 395, 398 (Ala.Crim.App.2002). Therefore, the execution of the appellant’s sentences is not valid. Accordingly, we remand this case with instructions that the trial court set aside the split portion of the appellant’s sentence for the first-degree assault conviction and conduct a new sentencing hearing. If the trial court determines that a split sentence is still appropriate, it shall include a term *971 of probation to follow the period of confinement.[1]
On remand, the trial court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the trial court’s written findings of fact regarding the appellant’s double jeopardy claim; the State’s response, if any; and a transcript of any remand proceedings.
REMANDED WITH INSTRUCTIONS.*
McMILLAN, P.J., and COBB, SHAW, and WISE, JJ., concur.

. If the trial court determines that the second-degree assault conviction was not based on the same conduct that formed the basis for the first-degree assault conviction and that the second-degree assault conviction does not violate double jeopardy principles, then it shall set aside the split portion of the appellant’s sentence for the second-degree assault conviction and conduct a new sentencing hearing. If the trial court determines that a split sentence is still appropriate, it shall include a term of probation to follow the period of confinement.

 Note from the reporter of decisions: On August 19, 2005, on return to remand, the Court of Criminal Appeals affirmed, without opinion.