KELLUM, Judge.
The appellant, Timothy T. Reck, was convicted of two counts of assault in the first degree, see § 13A-6-20, Ala.Code 1975, and one count of assault in the third degree, see of § 13A-6-22, Ala.Code 1975. The circuit court sentenced Reck to 143 months’ imprisonment for each first-degree-assault conviction and to 12 months’ imprisonment for the third-degree-assault conviction. The circuit court ordered that the sentences were to run concurrently. The court further ordered Reck to pay a total of $600 in fines, $250 to the Crime Victims Compensation Fund, and court costs.
The evidence presented at trial indicated the following pertinent facts. On October 30, 2004, Donna Loving was returning to Birmingham from a shopping trip in Foley with her two sons, Jordan, who was eight years old at the time, and Taylor, who was two years old at the time. Loving was driving a Dodge Durango pick-up truck; her older son had laid over the center console to go to sleep while her younger son was in a car seat. While driving down a county road, Reck, who was driving a Dodge truck, crossed the road and T-boned Loving’s vehicle. Loving and her older son Jordan sustained injuries and were airlifted to a local hospital. Loving underwent several surgeries while in the hospital to repair broken bones in both legs and injuries to her left elbow.
Loving testified that Jordan, who is an insulin-dependent diabetic, suffered “really bad” cuts from all the shattered glass in the vehicle. (R. 55.) Loving explained that Jordan had a gash on the back of his head and that his left ear was almost cut off. Jordan also sustained a significant cut to his left shoulder that was approximately two to three inches in length from a piece of glass, leaving a scar on his shoulder. Loving stated that Jordan was going to have to have surgery on his shoulder to remove a keloid[1] that had developed at the site of the injury. Loving further testified that Jordan had “little nicks” on his face from the glass that make it appear as though he was “shot in the face with a bird shot.” (R. 56.) On cross-examination, Loving testified that Jordan could very well have kidney damage as a result of the accident because of the trauma and Jordan’s resulting high blood-sugar levels.
Reck consented to a blood test. Blood was taken from Reck approximately two hours after the accident. An analysis of the blood taken from Reck indicated that Reek’s blood-alcohol content at the time was .295 grams per 100 milliliters for ethanol. Kirt Harper, a forensic toxicologist with the Alabama Department of Forensic *153 Sciences, testified that the level of ethanol in Reek’s blood was three and a half times the .08 level that constitutes driving under the influence of alcohol under Alabama law. Reck was charged with two counts of assault in the first degree and one count of assault in the third degree.
Reek’s case was tried before a jury. After both sides had rested and the court had instructed the jury on the applicable law, the jury found Reck guilty of two counts of assault in the first degree (Donna Loving and Jordan) and one count of assault in the third degree (Taylor). This appeal followed.
The sole issue raised by Reck on appeal is whether the State presented sufficient evidence to support the jury’s verdict— finding Reck guilty — of one count of assault in the first degree as it relates to Jordan. Specifically, Reck contends that the State presented insufficient evidence demonstrating that Jordan sustained a serious physical injury.
“ ‘ “In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution.” ’ Ballenger v. State, 720 So.2d 1033, 1034 (Ala.Crim.App.1998), quoting Faircloth v. State, 471 So.2d 485, 488 (Ala.Crim.App.1984), aff'd, 471 So.2d 493 (Ala.1985). ‘ “The test used in determining the sufficiency of evidence to sustain a conviction is whether, viewing the evidence in the light most favorable to the prosecution, a rational finder of fact could have found the defendant guilty beyond a reasonable doubt.” ’ Nunn v. State, 697 So.2d 497, 498 (Ala.Crim.App.1997), quoting O’Neal v. State, 602 So.2d 462, 464 (Ala.Crim.App.1992). ‘ “When there is legal evidence from which the jury could, by fair inference, find the defendant guilty, the trial court should submit [the case] to the jury, and, in such a case, this court will not disturb the trial court’s decision.” ’ Farrior v. State, 728 So.2d 691, 696 (Ala.Crim.App.1998), quoting Ward v. State, 557 So.2d 848, 850 (Ala.Crim.App.1990). ‘The role of appellate courts is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by] the jury.’ Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978).”
Gavin v. State, 891 So.2d 907, 974 (Ala.Crim.App.2003), cert. denied, 891 So.2d 998 (Ala.2004) (quoting Ward v. State, 610 So.2d 1190, 1191 (Ala.Crim.App.1992)).
Section 13A-6-20(a)(5), Ala.Code 1975, provides that “a person commits the crime of assault in the first degree if while driving under the influence of alcohol or a controlled substance or any combination thereof in violation of Section 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle.” “Serious physical injury” is defined as a “[p]hysical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(14), Ala.Code 1975.[2]
In this case, the State presented very little evidence regarding Jordan’s injuries. Jordan’s mother testified that Jor *154 dan’s left ear was almost cut off in the wreck. She further testified that Jordan had a two- to three-inch scar on his left shoulder and “little nicks” on his face from shattered glass. The State offered no medical testimony regarding the extent of Jordan’s injuries. Indeed, the only medical evidence offered regarding Jordan’s injuries was hospital medical records indicating that Jordan sustained multiple abrasions and a laceration to his left shoulder. Further, Jordan did not testify regarding the effects of his injuries. The only testimony offered regarding Jordan’s continued medical problems was that of his mother, who testified that Jordan had a keloid caused by his original shoulder injury that would require additional surgery. This Court has repeatedly held that there was evidence sufficient to create a jury question as to whether a victim sustained a “serious physical injury” where the State presented expert medical testimony and/or the victim testified regarding the effects of his or her injuries. See Marlowe v. State, 854 So.2d 1182 (Ala.Crim.App.2002), aff'd, 854 So.2d 1189 (Ala.2003) (finding sufficient evidence of “serious physical injury” based on treating physician’s testimony and victim’s testimony). See also Sizemore v. State, 686 So.2d 544 (Ala.Crim.App.1996) (finding sufficient evidence of “serious physical injury” where victim testified regarding extent of her injuries following automobile collision); James v. State, 654 So.2d 59 (Ala.Crim.App.1994) (State established that the victim suffered “serious physical injury” by the victim’s testimony). Loving’s testimony regarding her son’s injuries, without medical testimony or Jordan’s testimony, was insufficient to establish that Jordan suffered a “serious physical injury.” See, e.g. Hinkle v. State, 67 So.3d 161 (Ala.Crim.App.2010) (holding evidence of serious physical injury insufficient where victim was shot in right cheek but did not have to have surgery and victim denied having any long-term effects from the shooting).
However, we conclude that the evidence was sufficient to establish the lesser-included offense of assault in the third degree under § 13A-6-22(a)(2), Ala.Code 1975, which provides that “[a] person commits the crime of assault in the third degree if ... [h]e recklessly causes physical injury to another person.” Section 13A-1-2(12), Ala.Code 1975, defines “physical injury” as “[ijmpairment of physical condition or substantial pain.” The testimony presented at trial regarding Jordan’s condition at the scene of the wreck was sufficient to establish that Jordan suffered a “physical injury” and to establish a prima facie case of assault in the third degree.[3]
Because the State failed to present sufficient evidence showing that Jordan sustained serious physical injury, it failed to establish a prima facie case of assault in the first degree, and the circuit court erred in denying Reek’s motion for a judgment of acquittal as to that charge. However, the circuit court instructed the jury on the lesser-included offense of third-degree assault, and, although the State presented insufficient evidence to support a conviction for assault in the first degree, the State presented sufficient evidence to support a conviction for assault in the third degree. Therefore, we remand this cause to the circuit court for it to enter a judgment finding Reck guilty of the lesser-included offense of third-degree assault and to resentence Reck accordingly. See Cockrell v. State, 890 So.2d 168 (Ala.Crim.App.2003), aff'd, 890 So.2d 174 (Ala.2004).
REVERSED AND REMANDED.
*155 WISE, P.J., and WELCH, J., concur. WINDOM, J., concurs in the result. MAIN, J., dissents, with opinion.

. A keloid is a raised growth of fibrous scar tissue.

. Although § 13A-6-20(a)(5), Ala.Code 1975, references "serious bodily injury” instead of "serious physical injury,” this Court has previously recognized that the term “serious physical injury” is the equivalent of the term "serious bodily injury” as it pertains to interpreting § 13A-6-20(a)(5). See Hemrick v. State, 922 So.2d 967, 969 (Ala.Crim.App.2005).

. Indeed, Reck concedes in his brief on appeal that the evidence in the instant case showed that Jordan suffered some physical injuries as a result of the collision.