STUART, Justice.
 

 This Court granted the State’s petition for a writ of certiorari to determine whether sufficient evidence of the element of “serious bodily injury” as defined as “serious and protracted disfigurement” for purposes of a first-degree-assault offense can be established by the testimony of a lay witness or as a matter of law can be presented only through medical testimony or the victim’s testimony. Specifically, with regard to this case, the issue is whether a mother’s testimony concerning her child’s suffering “serious and protracted disfigurement” is sufficient evidence of the serious-bodily-injury element of first-degree assault to present the question to the jury. The Court of Criminal Appeals held that it was not.
 
 Reck v. State,
 
 84 So.3d 151 (Ala.Crim.App.2010). We reverse and remand.
 

 Facts
 

 The evidence presented at trial, which was conducted in March 2010, established that in October 2004 a two-vehicle accident occurred on Highway 59 in Baldwin County. Timothy T. Reck, who was intoxicated at the time, drove his vehicle into a vehicle being driven by Donna Loving. Loving’s two sons were passengers in the vehicle. Loving testified that after the accident she and her eight-year-old son were removed from her vehicle and flown to a hospital. She stated that her son’s face and upper body were cut severely by broken glass in the accident. According to Loving, her son suffered a gash on the back of his head, his left ear was almost cut off, and his shoulder was cut by a two- to three-inch piece of glass. When asked during her testimony if her son had any noticeable disfigurement from the accident, Loving stated that the cut on his shoulder had formed a painful keloid
 
 [1]
 
 and that he had seen a surgeon about its removal. Additionally, she explained that her son’s face has numerous little scars caused by shattered glass that had nicked his face.
 

 The medical records of the hospital at which Loving’s son was treated following the accident were admitted into evidence. Those records indicate that Loving’s son was treated for two lacerations on the left shoulder, one of which was one centimeter and the other of which was seven centimeters. At the conclusion of the evidence, the State stipulated that the injuries to Loving’s son were not “life-threatening.”
 

 Standard of Review
 

 When an appellate court is presented with a pure question of law, the court’s review is de novo.
 
 Ex parte Key,
 
 890 So.2d 1056, 1059 (Ala.2003).
 

 Discussion
 

 The State presents an issue of first impression: Whether, to establish a prima facie case of first-degree assault pursuant to § 13A-6-20(a)(5), Ala.Code 1975, .the State, to present sufficient evidence of the element that the defendant caused “serious bodily injury” as defined as “serious and protracted disfigurement,” must present either medical testimony and/or testimony from the victim. The Court of Criminal Appeals held that “Loving’s testimony regarding her son’s injuries, without medical testimony or [her son’s] testimony, was insufficient to establish that [her son] suffered a ‘serious physical injury.’ ” 84 So.3d at 154.
 

 
 *157
 
 “A person commits the crime of assault in the first degree if ... [w]hile driving under the influence of alcohol or a controlled substance or any combination thereof in violation of § 32-5A-191 he causes serious bodily injury to the person of another with a motor vehicle.” § 13A-6-20(a)(5), Ala.Code 1975. In
 
 Hemrick v. State,
 
 922 So.2d 967, 969 (Ala.Crim.App.2005), the Court of Criminal Appeals held that “[t]he term “serious physical injury” is the equivalent of the term “serious bodily injury.” “Serious physical injury” is defined in the Criminal Code as a “[physical injury which creates a substantial risk of death, or which causes serious and protracted disfigurement, protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.” § 13A-1-2(14), Ala.Code 1975.
 

 In
 
 Hunter v. State,
 
 866 So.2d 1177 (Ala.Crim.App.2003), the Court of Criminal Appeals discussed “serious and protracted disfigurement” in relation to the serious-physical-injury element of the offense of first-degree assault, stating:
 

 “Here, we focus on the ‘serious and protracted disfigurement’ element of [§ 13A-6-20, Ala.Code 1975]. ‘Disfigurement’ is defined as ‘[a]n impairment or injury to the appearance of a person or thing.’
 
 Black’s Law Dictionary
 
 480 (7th ed.1999). ‘Protracted’ is defined as ‘prolong[ed] in time or space.’
 
 Merriam-Webster’s Collegiate Dictionary
 
 (10th ed. 1999)....
 

 “Most Alabama cases discussing ‘serious physical injury’ concern ‘physical injury which creates a substantial risk of death, or ... protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.’ Thus, there is little guidance in Alabama caselaw concerning what constitutes a serious and protracted disfigurement. Some cases discussing serious and protracted disfigurement also discuss the substantial risk of death or protracted impairment of health.
 
 See Lee v. State,
 
 727 So.2d 887 (Ala.Crim.App.1998) (in which this Court implied that the mere presence of a scar resulting from a gunshot wound will not elevate ‘physical injury’ to ‘serious physical injury’). Other cases do not indicate which part of the statute is implicated.
 
 See Pope v. State,
 
 586 So.2d 1003 (Ala.Crim.App.1991) (holding that testimony that the victim was hospitalized for three days and was unable to work for one and one-half months and that staples had to be used to hold wound together, along with victim’s exhibition of his scars to the jury, was sufficient to present a jury question on the issue of the existence of serious physical injury).
 

 “Other jurisdictions whose definition of serious physical injury, like Alabama’s, include a serious and protracted disfigurement have found a scar sufficient to constitute serious physical injury.
 
 See State v. Nival,
 
 42 Conn.App. 307, 678 A.2d 1008 (1996) (where jury observed the victim’s one-half-inch facial scar and evidence was presented that the scar was permanent there was sufficient evidence to create jury question as to whether the victim had suffered a serious physical injury);
 
 State v. Anderson,
 
 370 N.W.2d 703 (Minn.Ct.App.1985) (a long sear present two and one-half years after the injury was a serious permanent disfigurement);
 
 State v. Bledsoe,
 
 920 S.W.2d 538 (Mo.Ct.App.1996) (a one-and-one-half-inch cut on the victim’s chin leading to scarring, a one- and-one-half-inch scar on lower lip, and a scar between her eyes constituted serious disfigurements);
 
 State v. Pettis,
 
 748 S.W.2d 793 (Mo.Ct.App.1988) (holding that serious physical injury as applied to first-degree assault would include a four-inch permanent scar as a result of a
 
 *158
 
 knife wound);
 
 People v. Wade,
 
 187 A.D.2d 687, 590 N.Y.S.2d 245 (1992) (a scar that was visible eight months after victim’s face was cut with a razor from ear to mouth was serious permanent disfigurement);
 
 People v. Greene,
 
 488 N.Y.S.2d 812, 111 A.D.2d 183 (1985) (serious physical injury includes a knife wound on the victim’s neck that required 120 stitches to close and that resulted in a substantial keloid scar).”
 

 866 So.2d at 1179-80.
 

 Consistent with the foregoing, we conclude that testimony from a lay witness can be sufficient to establish this element for submission of the case to a jury. “Disfigurement” of the human body is a condition that competent persons are capable of observing and that requires no special skill to detect. Likewise, a competent person with firsthand knowledge of the victim’s injury, recovery, and disfigurement is capable of testifying as to the seriousness of the disfigurement and the passage of time concerning the disfigurement. Therefore, we conclude that a lay witness who has observed the victim’s wound and resulting sear and has personal knowledge of the victim’s recovery from the injury is capable of presenting sufficient evidence, creating a question for the jury, with regard to whether a victim has suffered a “serious and protracted disfigurement.” Although in some cases the testimony of a lay witness regarding the victim’s “serious and protracted disfigurement” may not be the strongest or most persuasive evidence of this element, we cannot conclude that testimony from a lay witness as to that element is as a matter of law insufficient to establish prima facie evidence of this element. Cf.
 
 United States v. Muyet,
 
 994 F.Supp. 501, 519 (S.D.N.Y.1998)(holding that even though the victims did not testify as to the precise nature of their injuries and the government did not provide any expert medical testimony, the circumstances surrounding an incident could have led a jury to conclude that the victims suffered serious physical injury).
 

 In light of our conclusion that sufficient evidence of the element of “serious bodily injury” in the form of a “serious and protracted disfigurement” can be established by testimony from a lay witness, the Court of Criminal Appeals erred in rejecting Loving’s testimony as to her son’s injuries and in holding that because neither medical testimony nor Loving’s son testified the State failed to present sufficient evidence that Loving’s son had suffered a serious bodily injury.
 

 Conclusion
 

 Based on the foregoing, the judgment of the Court of Criminal Appeals is reversed and this case remanded for proceedings consistent with this opinion.
 

 REVERSED AND REMANDED.
 
 *
 

 COBB, C.J., and WOODALL, BOLIN, PARKER, MURDOCK, and SHAW, JJ., concur.
 

 MAIN and WISE, JJ., recuse themselves.
 
 **
 

 [1]
 

 . As the Court of Criminal Appeals noted in its opinion, "[a] keloid is a raised growth of fibrous scar tissue.”
 
 Reck v. State,
 
 84 So.3d at 152 n. 1.
 

 *
 

 Note from the reporter of decisions: On October 21, 2011, on remand from the Alabama Supreme Court, the Court of Criminal Appeals affirmed, without opinion (CR-09-1411).