People v Hodgson (2023 NY Slip Op 06208)

People v Hodgson

2023 NY Slip Op 06208

Decided on November 30, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 30, 2023

Before: Kapnick, J.P., Webber, Singh, Moulton, Scarpulla, JJ. 

Ind. No. 1803/15 Appeal No. 1126 Case No. 2018-03306 

[*1]The People of the State of New York, Respondent,
v
Jonathan Hodgson, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Rachel L. Pecker of counsel), for appellant.
Darcel D. Clark, District Attorney, Bronx (Katherine A. Triffon of counsel), for respondent.

Judgment, Supreme Court, Bronx County (Efrain Alvarado, J.), rendered March 27, 2018, as amended June 13, 2018, convicting defendant, after a jury trial, of assault in the first degree and assault in the second degree (three counts), and sentencing him to an aggregate term of 20 years, to run consecutively to a previously imposed sentence of 15 years on an unrelated conviction, unanimously affirmed.
Defendant's contention that his conviction of assault in the first degree is unsupported by legally sufficient evidence is unpreserved (see CPL 470.05 [2]; People v Gray, 86 NY2d 10, 20-21 [1995]), and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. We also find that the verdict was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). The nature of defendant's attack on the victim and the resulting injuries permitted a reasonable inference that defendant intended to cause the victim serious and permanent disfigurement (see Penal Law § 120.10 [2]; People v Bueno, 18 NY3d 160, 169-170 [2011]). Immediately prior to defendant's entry into the mental health interview room where the victim, a mental health counselor was seated, defendant is observed on surveillance video checking his belt and collar and cracking his knuckles. Once he enters the room, defendant is seen making a slicing motion to his throat and then jumping onto the victim, punching him to the face at least 16 times before the correction officers are able to pull defendant off the victim. As a result, the victim sustained multiple complex facial fractures, including a fractured eye socket, dislodged and broken teeth, and a broken jaw, requiring surgery (see People v Spencer, 161 AD3d 483, 484 [1st Dept 2018], lv denied 31 NY3d 1153 [2018]; People v McLaughlin, 8 AD3d 146, 147 [1st Dept 2004], lv denied 3 NY3d 678 [2004], lv denied 3 NY3d 741 [2004]). Furthermore, defendant struck the victim with such force that his blows knocked the victim's head back, crushing the discs in his neck, requiring an anterior cervical diskectomy fusion and resulting in permanent spinal damage.
We reject defendant's contention that his mental state undermined a finding of the requisite intent, as defendant did not raise an insanity defense at trial and no evidence of mental capacity or the lack thereof was put before the jury (see People v Santiago, 134 AD3d 472, 473 [1st Dept 2015], lv denied 27 NY3d 1006 [2016]; People v Jones, 212 AD3d 888, 891 n 4 [3d Dept 2023], lv denied 39 NY3d 1111 [2023]).
Defendant's challenge to the court's denial of the jury's request for a readback of defendant's summation is unpreserved, and we decline to review it in the interest of justice. Defendant's pro se status at trial did not excuse him from the preservation requirement (see People v Edwards, 58 AD3d 412, 413 [1st Dept 2009], lv denied 12 NY3d 815 [2009]). As an alternative holding, we find that the court providently exercised [*2]its discretion in denying the request (see People v Velasco, 77 NY2d 469, 474 [1991]).
We perceive no basis to reduce the sentence.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 30, 2023